[No. 11011. Department One. — September 24, 1885.]

## WILLIAM INGLIS, RESPONDENT, v. DAVID C. SHEP-HERD, APPELLANT.

ELECTION — CONTEST — MISTAKE IN BALLOT. — Under the circumstances of the case, *held,* that the obvious intention of the electors to vote for the contestant for a certain office could not be defeated by a mistake of the printer in the description of the office in the ballots.

APPEAL from a judgment of the Superior Court of the county of San Joaquin

The facts are stated in the opinion.

*J. H. & J. E. Budd,* for Appellant.

*Smith & Keniston,* and *J. C. Campbell,* for Respondent, cited *People* v. *Love,* 63 Barb. 535; *People* v. *Cook,* 8 N. Y. 67; *People* v. *Ferguson,* 8 Cowen, 102; *Att'y-Gen.* v. *Ely,* 4 Wis. 438; *Ex rel. Spaulding,* 12 Wis. 615; *Ex rel. Golthwait,* 16 Wis. 152; *Coffey* v. *Edmonds,* 58 Cal. 521; *Kirk* v. *Rhoads,* 46 Cal. 407.

FOOTE, C. — Wm. Inglis contested D. C. Shepherd's election as supervisor for the first district of San Joaquin County. The court below gave judgment in favor of the contestant, and the respondent appeals therefrom.

The question determining the contention was this, was or was not Inglis entitled to have counted for him as supervisor for the *first* district of San Joaquin County, sixty-seven ballots, which on their face showed that he was voted for as supervisor for the *second* district of said county?

The evidence admitted by the court, and which under the circumstances of this case is permissible, was that at the time no other person named William Inglis, except the contestant and his minor son, resided in said county. The contestant was the only person of that name running as a candidate for the office of supervisor of the first district; and that he lived in said district and was the only candidate of his party therein for said office. The board of election all knew those facts. His name, together with the name of the office and the number of the district, were properly printed on the great majority of the ballots voted for him, as issued by the printer employed by his party managers to attend to the matter. By some mistake of that printer, the figure 2 became substituted for the figure 1 on said sixty-seven ballots, and others placed on tables convenient for the use of voters. Some time during the day of election this mistake was discovered, and as far as possible those misleading ballots were destroyed. Before this mistake was discovered those sixty-seven ballots were voted, at the proper precinct of the district, in which contestant was such candidate. And nearly half of them were counted for him by the proper election board, but they refused to count for him some thirty-six of them. Those sixty-seven ballots, with one or two exceptions, were what are called "straight tickets."

Thus it appears that the voters casting the disputed ballots intended to vote for William Inglis for supervisor of the first district of said county. And no fault resting on them we do not perceive the propriety of permitting the carelessness or mistake of a printer to defeat that intention.

The judgment of the court below should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.