[L. A. No. 2709. In Bank.—July 8, 1911.]

## MILO M. POTTER, Appellant, v. COUNTY OF SANTA BARBARA et al., Respondents.

PERMANENT ROAD DIVISION—JURISDICTION OF SUPERVISORS—PUBLICATION OF PETITION—AFFIDAVIT NEED NOT BE PUBLISHED.—In proceedings for the formation of a "permanent road division," under title VI, part III, article IX, of the Political Code, it is not essential, to the acquisition of jurisdiction by the board of supervisors, that the affidavit which section 2747 provides shall accom-

pany the petition, shall be included in the publication of the petition required by section 2748. Such affidavit need not be published. The publication of the petition proper conveys the constructive notice to the parties interested.

ID.—FORM OF COUPON—SUFFICIENCY OF ORDER DETERMINING.—Where an order of the board of supervisors sufficiently determines the form of coupon No. 1 on bond No. 1, of a permanent road district, a further direction that "coupon No. 1 on bonds numbered 2 to 100 inclusive, shall be in the same form, except as to the number of the respective bonds to which each of said coupons shall be attached," sufficiently conforms to the provisions of section 2764 of the Political Code, requiring the supervisors by order to prescribe the form of the coupons. It is not essential that the coupons, as attached to each bond, should have any number.

ID.—ALTERNATIVE METHOD OF ROAD CONSTRUCTION — EXCLUSION OF ROADS IN MUNICIPAL CORPORATIONS.—The object of the "Permanent Road Division" Act, and of section 2773 of the Political Code, is to provide an alternative method for road construction, which should not operate within municipal corporations at all, but which should operate concurrently, and without repeal or modification of other acts of similar tenor, upon highways not within municipal corporations.

ID.—SUPERVISORS HAVE CONTROL OVER HIGHWAYS.—The authority over public highways lying outside of municipal corporations is vested in the boards of supervisors of the respective counties in which such highways run.

ID.—"DIVISION" AND "DISTRICT" ARE SYNONYMOUS.—In section 2763 of the Political Code, providing for the issuance of bonds, and raising money by taxation to pay them and the interest thereon, the words "said division" and "said district" are used interchangeably and have the same meaning.

ID.—LEVY AND COLLECTION OF TAXES FOR PAYMENT OF BONDS.—In the absence of any special provision in that act, determining upon what basis the tax is to be levied, or the method of its collection or enforcement, the tax will be based *ad valorem,* and the mode of levy and collection will be that provided in sections 3607 to 3900 inclusive of the Political Code.

ID.—FORMATION OF ROAD DISTRICT—LANDOWNERS QUALIFIED TO PETITION FOR—SPECIAL LEGISLATION.—The fact that those who can sign the petition for the formation of the permanent road district is restricted to landowners residing within the district, to the exclusion of non-resident landowners, and that resident land-owning aliens and resident land-owning women are given the suffrage, does not render the act special legislation, forbidden by section 24 of article I of the constitution, which provides that no property qualification shall ever be required for the right of suffrage.

ID.—FORMATION OF DISTRICT A LEGISLATIVE FUNCTION.—The formation of such a district is a function pertaining purely to the legislative branch of the government. It may create them without giving any person a voice upon the matter, or may do so by giving such persons as it may think best an opportunity to be heard.

ID.—BONDS ARE ISSUED BY SUPERVISORS AS LEGISLATIVE AGENCY.—The permanent road division, as a corporate entity, does not issue the bonds. The agency of the legislature for the bond issue is the board of supervisors, and the tax for their payment is imposed upon the property of the division.

ID.—TITLE OF ACT—SUBJECT EMBRACED IN TITLE.—The title of the act of March 19, 1907, entitled "An act to repeal article IX of chapter II of title VI of part III of the Political Code, and every section thereof, and to add to said code a new article to said chapter, to be numbered article IX, embracing sections twenty-seven hundred and forty-five to twenty-seven hundred and seventy-two, both inclusive, relating to permanent road divisions," embraced but one subject—namely, "permanent road divisions," and all the matters treated under that subject in the act are strictly germane to it.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   S. E. Crow, Judge.

The act of March 19, 1907, (Stats. 1907, p. 635), under which the Permanent Road Division of Goleta was organized, is entitled as follows: "An act to repeal article nine of chapter two of title six of part three of the Political Code, and every section thereof, and to add to said code a new article to said chapter, to be numbered article nine, embracing sections twenty-seven hundred and forty-five to twenty-seven hundred and seventy-two, both inclusive, relating to permanent road divisions."   The further facts are stated in the opinion of the court.

Henley C. Booth, for Appellant.

W. S. Day, District Attorney, and George H. Gould, for Respondents.

HENSHAW, J.—In form this is an action to restrain the county treasurer from cashing a certified check and paying the money into the county treasury, which check was deposited with plaintiff's bid for the purchase of bonds of the "Permanent Road Division of Goleta."   In substance the action

is one to determine the validity of the organization of this permanent road division, and the validity of its bond issue for road improvements. The specific law touching the creation and operation of such road divisions is found in title VI, part III, article IX, of the Political Code, sections 2745 to 2773, inclusive.

1. The formation of a road division is set afoot by the presentation of a petition to the board of supervisors (section 2746), accompanied "by an affidavit stating that affiant has compared the valuations," etc. (section 2747). "Such petition shall be published at least once a week," etc. (Section 2748.) No attack is made upon the sufficiency of the petition, but when published the publication did not embrace the accompanying affidavit. It is contended that by the terms of the statute the affidavit accompanying the petition is made a part thereof, and that a publication which does not include the affidavit is vitally defective. The fact that the accompanying affidavit is prerequisite to acquiring jurisdiction does not make its publication essential, nor is its publication contemplated by the law. The publication of the petition proper conveys the constructive notice to the parties interested. The Irrigation Act provides in similar terms that the petition shall be first presented to the board of supervisors, "accompanied with a good and sufficient bond." This bond, in like manner, is a jurisdictional prerequisite, but it has not been contended, and could not successfully be contended, that its publication was contemplated, much less required.

2. In compliance with the provisions of section 2764 the supervisors by order prescribed the form of the bonds and of the interest coupons attached thereto. The language of the order is as follows:—

"It is further ordered, that coupon No. 1 on bond No. 1 shall be in the following form, to wit:

"Coupon                                                $60.
                "The Treasurer of Santa Barbara County
"No. 1                      State of California,
will pay to the holder hereof out of the Permanent Road Fund of the Permanent Road Division of Goleta in said county, on the 4th day of October, 1910, at his office in the city of Santa Barbara, in said county, the sum of $60, for interest due on Bond No. 1 of the issue of the bonds of said Perma-

nent Road Division of Goleta in the sum of $100,000, issued October 4th, 1909. This coupon is payable in gold coin of the United States.

"Chairman of the Board of
Supervisors.
"County Clerk and ex-officio Clerk
of the Board of Supervisors.
"County Auditor.

"That coupon No. 1 on bonds numbered 2 to 100, inclusive, shall be in the same form, except as to the number of the respective bonds to which each of said coupons shall be attached.

"That coupon No. 2 on bonds numbered 6 to 100, inclusive, shall be in the same form, except numbered 2 and payable on the fourth day of October, 1911, and except as to the number of the respective bonds to which each of said coupons shall be attached," etc.

It is conceded that the form of the coupons as to bond No. 1 is sufficient. But it is said that there is no provision as to what bond number shall be inserted in the coupons on the bonds following bond No. 1. This would seem to be made sufficiently clear, however, by the statement that "coupon numbered 1 on bonds numbered 2 to 100, inclusive, shall be in the same form, except as to the number of the respective bonds to which each of said coupons shall be attached." But even if this language be not utterly free from doubt, still, to each bond are attached its proper coupons, and it is not an essential matter that the coupons should have any number at all.

3. Section 2773 of the Political Code declares:—

"This act is intended to furnish an alternative method for accomplishing the road construction and improvement provided for herein, and does not repeal, modify, or abridge any other act or acts having for their object the construction or improvement of roads, streets, or other public highways not within the boundaries of a municipal corporation."

Appellant construes this to mean that the design and effect of the act is to repeal all street laws operative *within* municipal corporations. It will be conceded that to convey the meaning actually intended the language of the section is susceptible of easy improvement. But from the whole scope of

the act, and from the section itself, what was intended was to provide an alternative method for road construction, which should *not* operate within municipal corporations at all, but which should operate concurrently, and without repeal or modification of other acts of similar tenor, upon highways not within municipal corporations. The authority over public highways lying outside of municipal corporations is, of course, vested in the boards of supervisors of the respective counties in which such highways run. (*People* v. *County of Marin,* 103 Cal. 226, [26 L. R. A. 659, 37 Pac. 203]; *Devine* v. *Board of Supervisors,* 121 Cal. 673, [54 Pac. 262]; *Miller* v. *County of Kern,* 137 Cal. 519, [70 Pac. 549].)

4. When a bond election has been carried, section 2763 provides that the board of supervisors shall be authorized and empowered "to issue the bonds of *said division* to the number and amount provided for in such proceedings, payable out of the funds of *such division,* and the money shall be raised by taxation upon the property in *said district* for the redemption of said bonds and the payment of interest thereon, but the total amount of bonds so issued shall not exceed fifteen per cent of the taxable property of *the division* shown by the last equalized assessment-roll of the county."

Appellant finds such inextricable confusion and uncertainty in this language as to destroy the section, since, it is said, the section itself distinguishes between district and division, and declares that the bonds shall be payable out of the funds of the division, but that the money shall be raised by taxation upon the district, and that no district is defined. Again, it may be conceded that the language, to convey its meaning, could be readily improved upon. But the meaning we think to be still clear enough. Said "district" means nothing more, other, or different from, "said division." The district, in fact, becomes a division—the territory with boundaries delimited for certain specific purposes. Indifferently, it is a district or a division. It may have been that "district" was used in place of "division" from some excess of caution, to meet the supposed grant of power in section 4041 of the Political Code, which empowers boards of supervisors to levy taxes "upon the taxable property . . . . of any district for the construction and repair of roads and highways," etc.

5. Appellant next urges that the law contemplates the impo-

sition of a tax for bond redemption and interest, but fails to state upon what basis the tax is to be levied—whether it is to be added to the county assessment-roll, or have a special assessment, and fails further to state by whom the tax is to be collected; and, finally, fails to prescribe a penalty for delinquency. The law calling for a tax, the tax will be based *ad valorem.* (*Holly* v. *County of Orange,* 106 Cal. 420, [39 Pac. 790].) The supervisors are directed to pay the bonds and the interest (section 2763), and they are authorized to levy the tax for such purposes. (Pol. Code, sec. 4041, subd. 12.) The subject of taxation is dealt with in the Political Code from sections 3607 and 3900, inclusive. The legislature has thus made ample provision authorizing the supervisors to incur a debt and to levy a tax upon specified property for the payment of that debt. The mode of levy and collection is fully set forth in the provisions of the code above mentioned. But if this were not so, still, the power having been granted to incur the debt and make provision for its payment by taxation, any reasonable mode of taxation would fall within the granted power. (*United States* v. *New Orleans,* 98 U. S. 393, [25 L. Ed. 225] ; *Loan Association* v. *Topeka,* 20 Wall. 660, [22 L. Ed. 455] ; 4 Dillon on Municipal Corporations, sec. 854.)

6. It is contended that the act is special legislation, forbidden by section 24 of article I of the constitution, which provides that no property qualification shall ever be required for the right of suffrage. Herein the argument is that, as the petition is to be signed by landowners residing within the district, non-landowning persons, and non-resident landowners are disfranchised, and resident land-owning aliens and resident land-owning women are given the suffrage. But the answer which has so often been made is, that by this and like provisions, the legislature is not dealing with elections, with suffrage, or with the ballot, within the meaning of the constitution and the election laws of the state. The formation of this and similar districts is a function pertaining purely to the legislative branch of the government. The legislature can create them, or cause them to be created, without giving any person a voice or hearing upon the matter. Wherefore, it may do so by giving such persons as it may think best an opportunity to be heard. (*Dean* v. *Davis,* 51 Cal. 406; *Hughes*

v. *Ewing,* 93 Cal. 417, [28 Pac. 1067] ; *Laguna* v. *Martin,* 144 Cal. 209, [77 Pac. 933] ; *People* v. *Sacramento Drainage District,* 155 Cal. 373, [103 Pac. 207].)

7. It is argued that a permanent road division under this act is not a corporate entity, has no corporate existence, and cannot, therefore, issue bonds. But the answer to this is that it does not issue bonds. The agency for the bond issue is the board of supervisors, and the tax for the payment of the bonds is imposed upon the property of the division. As was said of reclamation districts in *People* v. *Reclamation District,* 117 Cal. 121, [48 Pac. 1016], "the district (here division) is part of the scheme for conducting a public work, and not for self-government"; and as elaborately considered and discussed in *In re Madera Irrigation District,* 92 Cal. 308, [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675], the legislature may legislate directly upon local districts, or may entrust such legislation to subordinate bodies of a public character. "It may create municipal organizations or agencies within the several counties, or it may avail itself of the county or other municipal organizations for the purpose of such legislation." In the instance of this law the legislature has availed itself of the board of supervisors for the purpose of giving it effect and carrying it into execution.

8. It is contended that the act declares upon subjects not embraced within its title. Herein reference is made to the power of taxation and the use of the indefinite word "district" instead of "division." The title of the act, however, declares it to deal with one subject—namely, permanent road division. All the matters treated under that subject are strictly germane to it. The objection is without merit. (*San Francisco & N. P. Ry. Co.* v. *State Board,* 60 Cal. 12, 29.)

We have now considered every proposition advanced by appellant against the validity of the law, of the organization of the district, and of the bond issue, and for the reasons given the judgment appealed from is affirmed.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Lorigan, J., concurred.