[Civ. No. 1325.  Second Appellate District.—November 17, 1913.]

C. L. DENNEN, Appellant, v. H. A. JASTRO, Respondent.

ELECTION — PRINTING OF BALLOTS — CANDIDATE OF MORE THAN ONE PARTY.—It was the intention of the legislature, as expressed in section 1197 of the Political Code, that where a candidate is the nominee of two or more political parties, his name should appear upon the ballot but once, followed by appropriate words designating him as the candidate of such parties; but this provision, like many other minute directions contained in such section, is not essential to the validity of the election but is directory only.

ID.—BALLOTS—PRINTING NAME OF CANDIDATE TWICE.—To print the name of a candidate of two political parties for the office of supervisor twice upon the ballot, followed by the separate designation of each political party, instead of but once followed by the designation of both parties, while an irregularity, does not invalidate the election.

ID.—ELECTION LAWS — FAILURE TO COMPLY WITH TECHNICAL DIRECTIONS—WHETHER INVALIDATES ELECTION.—A failure to comply with some technical direction of an election statute, where due alone to mistake or inadvertence on the part of those whose duty it is to prepare and furnish the ballots, should not disfranchise the entire vote of the district and vitiate the election, unless it is made to appear that by reason of the irregularity the result was different from what it would otherwise have been, or that it prevented the voter from freely, fairly, and honestly expressing his choice of the candidate for the office.

APPEAL from a judgment of the Superior Court of Kern County.  J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellant.

F. E. Borton, and W. C. Theile, for Respondent.

SHAW, J.—This is an election contest.

At the general election held in Kern County on November 5, 1912, H. A. Jastro was a candidate for supervisor of the fifth supervisorial district of said county, having been duly nominated by both the Republican and Democratic parties of said district.  His opponent for election was J. J. Fitzpatrick, who ran as an independent candidate.  The con-

test is brought pursuant to sections 1111 to 1127 of the Code
of Civil Procedure, and prosecuted by plaintiff as a duly
qualified elector of the district wherein said election was
held.   Its purpose, according to the prayer of the complaint,
is to have the declaration of the board of supervisors of
Kern County, wherein it declared that H. A. Jastro was the
duly elected supervisor of said district, held illegal and void
and the certificate of election issued by the clerk of said
district to Jastro canceled and annulled, and have J. J.
Fitzpatrick declared the duly elected supervisor of said dis-
trict for the term commencing January 1, 1913.

It is conceded that in form the general ballot supplied by
the county clerk to the voters of said district complied in
all respects with the law, save and except that upon all of
the ballots used in said district, and under the designation
"Supervisor, Fifth Supervisor District," the name of the
contestee was printed twice thereon, as follows: "H. A.
Jastro, Democrat," under which and separated by a line
was, "H. A. Jastro, Republican," and in each case followed
by the required voting square.   The name "J. J. Fitzpatrick,
Independent," was likewise printed, followed by the required
voting square.   No question is raised as to the identity of
persons, it being stipulated that the H. A. Jastro whose name
appears upon the ballot as the Democratic candidate, and
the H. A. Jastro whose name appears thereon as the Repub-
lican candidate were and are one and the same person.

The sole ground urged by appellant for a reversal is that
the name of Jastro should have been printed upon the bal-
lot once only, followed by the designation of the political
parties by which he was nominated, thus: "H. A. Jastro,
Democrat, Republican," and that under the provisions of
sections 1197 and 1211, of the Political Code, as amended in
1911, the printing of contestee's name upon the ballot in
the manner stated rendered the ballot void.

"A ballot is a single piece of paper containing the names
of the candidates and the offices for which they are desig-
nated," (*People* v. *Holden,* 28 Cal. 123); and if this irregu-
larity in the printing of the names rendered the ballot void,
as suggested by appellant, then it must necessarily follow,
we think, that there was no election of a supervisor, and the
remedy must have been other than that here followed,

wherein contestant seeks to have Fitzpatrick declared the duly elected supervisor upon a ballot claimed to be void. However this may be, we are of the opinion that the case should upon the merits be determined against contestant.

Under section 1196 of the Political Code, it was the duty of the county clerk to provide the printed ballots for use at the election. Section 1197 specifies the form of ballot and, among other things, provides that "in the same line in which the name of the candidate is printed and at the right of the name, or immediately below the name if there shall not be sufficient space to the right thereof, shall be printed . . . the designation of the political party or parties by or on behalf of which such candidate has been nominated. . . ." "The name of the candidate, and the designation of the political party or parties by which he has been nominated shall be printed in a space one-half inch in depth, and shall be defined by light horizontal ruled lines." Section 1211 of the Political Code, provides that "in canvassing the votes any ballot which is not made as provided in this act shall be void."

While there is no positive mandate in the statute against the name of a candidate appearing upon a ballot more than once, it may be conceded that it was the intention of the legislature, as expressed in said section 1197, that where a candidate is the nominee of two or more political parties, his name should appear upon the ballot but once, followed by appropriate words designating him as the candidate of such parties, and that, therefore, the ballot in question was irregular in form. This provision, however, like many other minute directions contained in section 1197, since it does not go to the substance or necesssarily affect the result of the election, and is not essential to the validity thereof, should be held directory only. Moreover, the irregularity in the printing of the ballot was due to inadvertence or mistake of those officers whose duty it was to prepare and print it. The voters had nothing to do with the matter. "A ballot cast by an elector in good faith should not be rejected for failure to comply with the law in matters over which the elector had no control; such as the exact size of the ticket, the precise kind of paper or the particular character of type or heading used." (McCrary on Elections, sec. 538; *Kirk* v. *Rhoads,* 46

Cal. 398; *People* v. *Holden,* 28 Cal. 124.)   A failure to com-
ply with some technical direction of the statute, where due
alone to mistake or inadvertence on the part of those whose
duty it is to prepare and furnish the ballot, should not dis-
franchise the entire vote of the district and vitiate the elec-
tion, unless it be made to appear that by reason of the ir-
regularity the result was different from what it would other-
wise have been, or that it prevented the voter from freely,
fairly, and honestly expressing his choice of the candidate
for the office.   (*People* v. *Los Angeles,* 133 Cal. 346, [65 Pac.
749]; *Inglis* v. *Shepherd,* 67 Cal. 469, [8 Pac. 5]; *People* v.
*Holden,* 28 Cal. 124; *Murphy* v. *City of San Luis Obispo,*
119 Cal. 624, [39 L. R. A. 444, 51 Pac. 1085]; *Murphy* v.
*Curry,* 137 Cal. 479, [59 L. R. A. 97, 70 Pac. 461].)   The
two cases last cited we deem particularly applicable to the
facts of the case at bar.   There is nothing in the record in-
dicating that the result of the election was in any manner
affected by the fact that Jastro's name appeared upon the
ballot as "H. A. Jastro, Democrat," and "H. A. Jastro,
Republican."   The election was a fair and honest expres-
sion of choice of the voters of the district whereby each of
two thousand persons voted once only for the contestee.
Whether they voted for him as a Democrat or as a Repub-
lican was immaterial.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on January 15, 1914.