[Civ. No. 26875. Second Dist., Div. Three. Feb. 7, 1963.]

A. M. ALDEN et al., Petitioners, v. THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, Respondent; WILLIAM C. TABB et al., Real Parties in Interest.

Lloyd E. Somogyi for Petitioners.

No appearance for Respondent.

Shipsey & Seitz and John L. Seitz for Real Parties in Interest.

FILES, J.—The directors of the Morro Del Mar County Water District have petitioned this court for a writ of prohibition to halt further proceedings in an injunction action which is now pending against them. Real parties in interest are the citizens who commenced the action in the respondent superior court to enjoin the operation of the district on the ground that the formation election was not lawfully conducted. The facts, as recited in the petition here, are not in controversy.

On February 19, 1962, a petition was filed with the County Clerk of San Luis Obispo County asking the formation of a water district in accordance with the provisions of division 12 of the Water Code (§ 30000 et seq.). The preliminary steps were completed as required by statute and on June 26, 1962, an election was held, pursuant to Water Code, section 30290, to submit to the electors the question of whether the district shall be formed, and to elect the first directors. The canvass of votes indicated that a majority favored the organization. Thereafter the board of supervisors adopted a resolution declaring the district to have been duly organized and the petitioners to have been duly elected as its directors. Appropriate papers were then filed with the Secretary of State of the State of California who, on July 31, 1962, issued his certificate reciting that the district had been duly incorporated.

The purpose of the proponents of the incorporation was that the new county water district would take over the business and assets of Waterworks District No. 4, which district is located entirely within the boundaries of the newly created district. Accordingly, a petition was submitted to the board of supervisors of the county requesting that the board convey the property of Waterworks District No. 4 to the new district, and that the old waterworks district be dissolved. This application is still pending, action by the board of supervisors having been held up awaiting the outcome of this litigation.

On September 7, 1962, a civil action was commenced in the respondent superior court by the group of citizens who are the real parties in interest here, against the persons who had been declared elected directors. The complaint in that action alleged that all of the ballots cast at the election of June 26, except the absentee ballots, were illegal and contrary to article II, section 5, of the California Constitution, which provides: "All elections by the people shall be by ballot or by such other method as may be prescribed by law; provided, that secrecy in voting be preserved." It was alleged that all of

the ballots were printed on paper of such weight and composition that an election inspector or any person could observe how any voter had voted when the folded ballots were handed to the election inspector; and that the only legal votes were those cast by absent voters' ballots, a majority of which were opposed to incorporation. The complaint prayed a judgment declaring that the proposition for incorporation had been defeated, and enjoining the defendants from exercising any of the powers of directors.

The defendants demurred to this complaint and the plaintiffs applied to the superior court for a preliminary injunction. Both matters came on for hearing at the same time. Oral testimony was taken and a sample of the ballots used at the June 26 election was received in evidence. A member of an election board testified that after each voter had marked his ballot, the voter folded his ballot and handed it to the inspector, who tore the number tab from the ballot, returned the tab to the voter and then deposited the ballot in the ballot box. There was no evidence that anyone did attempt to discover how anyone else voted, or that any voter had objected to a lack of secrecy when he voted. According to the witness, at no time did any inspector or other election official attempt to inspect any ballot to determine how the voter had voted before depositing it in the box.

Thereafter, on October 26, the judge of the respondent court filed a written opinion in which he stated that it was obvious that the paper used in the ballot was so transparent that the vote could be detected through the folded paper. The opinion concluded that the ballots cast in this manner violated the requirement of the state Constitution that secrecy in voting be preserved; that the election "must be declared invalid and void in toto," and that the superior court had jurisdiction to grant relief in that action.

The record in this court does not disclose whether the respondent court has yet made a formal ruling on the demurrer or on the application for a preliminary injunction. This court will assume, as do the parties, that the respondent court will proceed to grant relief consistent with its October 26 opinion unless restrained by a higher court.

If the defendants in the injunction suit (petitioners here) were lawfully elected as directors of a lawfully constituted water district, then the injunction which the respondent court proposes to issue would prevent the exercise of a public office. Such an injunction would violate Civil Code, section 3423, sub-

768

division 6, and Code of Civil Procedure, section 526. ██ Where a court threatens by injunction to interfere with the functioning of another branch of the government, a proceeding by writ of prohibition is a proper means of testing the propriety of the proposed injunction. (*County of Santa Clara* v. *Superior Court*, 33 Cal.2d 552, 559 [203 P.2d 1].)

██ Furthermore, where the public interest requires a speedy determination of the question, the remedy by appeal is inadequate, and the more speedy review by extraordinary writ is in the interest of justice. In this case it appears that an application for the dissolution of a waterworks district is pending, and that it is of some importance to the citizens of the area to have it determined which entity may lawfully furnish their water. Upon these considerations this court issued its alternative writ of prohibition to bring the matter here.

Preliminarily, it should be observed that the action in the superior court is not an election contest within the meaning of the Elections Code, or any other statute. ██ A proceeding to contest an election may be brought only when and as authorized by statute. (*Carlson* v. *Burt*, 111 Cal. 129, 132 [43 P. 583]; *Castle Rural County Fire P. Dist.* v. *Superior Court*, 105 Cal.App.2d 816 [234 P.2d 726].) Division 12 of the Water Code, under which this district was organized, contains no provision for a court contest of the formation election.

██ The injunction suit is a kind of attack upon the legal existence of a public corporation which the plaintiffs, as private citizens, have no standing to maintain. Code of Civil Procedure, section 803, authorizes an action to be brought by the Attorney General, in the name of the People of the state, against any person who unlawfully holds any public office or any corporation, whether de jure or de facto, which unlawfully exercises any franchise within the state. This remedy, commonly known as quo warranto, is the only kind of proceeding in which the legal existence of this county water district may be questioned, once it has acquired de facto status under the certificate issued by the Secretary of State on July 31. (See *San Ysidro Irr. Dist.* v. *Superior Court*, 56 Cal.2d 708, 713-715 [16 Cal.Rptr. 609, 365 P.2d 753], and authorities cited there.)

██ Real parties in interest argue that since the water district is new and has not been shown to have as yet acquired property or incurred indebtedness, it has not yet acquired de facto status. Water Code, section 30323, states: "From and

after the date of the certificate of the Secretary of State, the district named therein is incorporated as a county water district with all the rights, privileges, and powers set forth in this division and necessarily incident thereto.''

The record here shows that this certificate has been issued and that the members of the board of directors have qualified. This is enough to place the formation procedure beyond attack by an individual acting on his own behalf. (See *Williams* v. *McClellan*, 119 Cal.App.2d 138, 143 [259 P.2d 12].) The effect of the certificate, and the purpose of the law, is to give to the corporation a color of right under which to commence carrying out its public responsibilities, unless and until the Attorney General, acting in the name of the People, challenges the legality of the incorporation.

The argument is made that *Miller & Lux* v. *Board of Supervisors,* 189 Cal. 254 [208 P. 304], authorizes a private party to attack the formation of a district on constitutional grounds. That case was a proceeding in certiorari to review the order of the board of supervisors calling for an election for the establishment of an irrigation district. The petitioner was a property owner who contended that its land was being taken without due process of law in that the board of supervisors had included this land within the proposed district without first determining, upon evidence, that the land would be benefited by being included within the district. The Supreme Court held that the jurisdiction of the board depended upon a finding of benefit based upon evidence after a hearing, and that the remedy of certiorari was available to determine the sufficiency of the evidence before the board. Statutes which purported to deprive the property owner of the right to such a review were held to be unconstitutional.

Although the opinion in the *Miller & Lux* case refers to the irrigation district there as having de facto existence, the opinion is not explicit as to how far the incorporation proceedings had gone when the petition for certiorari was filed. Subsequent decisions, in discussing the availability of certiorari to attack incorporations and annexations, have classified this *Miller & Lux* case as one where the incorporation proceedings were incomplete at the time the judicial proceeding was begun. (See *American Distilling Co.* v. *City Council, Sausalito,* 34 Cal.2d 660, 667 [212 P.2d 704, 18 A.L.R.2d 1247]; *Hazelton* v. *City of San Diego,* 183 Cal.App.2d 131, 135 [6 Cal. Rptr. 723]; *Crowl* v. *Board of Trustees,* 109 Cal.App. 214, 217 [292 P. 985].)

*Miller & Lux* v. *Board of Supervisors, supra,* decided that a timely direct attack by certiorari was an appropriate method of determining whether the board of supervisors had acted upon the requisite jurisdictional facts. That case is not authority for an attack upon the legality of the formation procedure by an injunction suit against the officers after the incorporation has been attested by the certificate of the Secretary of State.

*Miller & Lux Inc.* v. *Secara,* 193 Cal. 755 [227 P. 171], was a quiet title action in which the property owner attempted to raise an alleged constitutional defect in the formation of an irrigation district. There the Supreme Court held that the jurisdictional findings of the board of supervisors were, under the statutes, conclusive, and that the rationale of *Miller & Lux* v. *Board of Supervisors* applied only to a direct attack by certiorari and not to a collateral attack.

Petitioners here are entitled to relief for the further reason that the formation election did not violate any constitutional prohibition. ▉▉▉ The creation of such a district is a legislative act, and the Legislature may enact conditions, upon the performance of which the district shall be regarded as organized. (*Tarpey* v. *McClure,* 190 Cal. 593, 600 [213 P. 983].) ▉▉▉ The constitutional provisions which govern elections held in the ordinary course of civil government do not control such formation elections. In *Tarpey* v. *McClure, supra,* the Supreme Court upheld the constitutionality of the Water Storage District Act of 1921, which provided for a formation election in which only property owners were entitled to vote, and each voter was given one vote for each $100 worth of his land. The court said (p. 606) :

"The act does not violate section 24 of article I, or section 1 of article II, in that it denies to any but land owners the right to vote at district elections. . . . However, it is now clear, in the light of the later decisions, that those provisions of the constitution 'refer to the qualification of electors entitling them to vote at the ordinary elections, local and general, held in the course of the usual functions of civil government.' [Citations.] 'By this and like provisions, the legislature is not dealing with elections, with suffrage, or with the ballot, within the meaning of the constitution and the election laws of the state. The formation of this and similar districts is a function pertaining purely to the legislative branch of the government. Wherefore it may do so by giving such persons as it may think best an opportunity to be

heard.' (*Potter* v. *County of Santa Barbara*, 160 Cal. 349, 355 [116 P. 1101, 1103].) The decisions of the Idaho court to the contrary, based upon the view that these districts are *political* subdivisions of the state, are out of harmony with the decisions of this state. This disposes also of the contention that the act violates section 5, article II, of the constitution, providing for the secrecy of the ballot.'' (Accord: *Barber* v. *Galloway*, 195 Cal. 1, 11 [231 P. 34].)

 The procedure to be followed in the formation of a county water district is prescribed in the Water Code. Section 30295 says that the formation election shall be conducted in the same manner as provided by law in respect to the general water district elections. The procedure for general water district elections commences with section 30700, which states that the provisions of the Elections Code relating to the manner of voting, so far as applicable, shall govern water district elections. The balloting procedure prescribed in Elections Code, sections 14407 through 14435, is designed to carry out the constitutional requirement of secrecy in regular elections.

 It may be assumed that the Water Code contemplates a secret ballot when it provides that the Elections Code be followed. Water Code, section 30324, states: ''No informality in any proceeding, including informality in the conduct of any election, not substantially affecting adversely the legal rights of any citizen shall invalidate the incorporation of any county water district.''

The legal rights referred to are that each eligible voter be permitted freely to express his preference, and that the result be accurately counted and declared. Granted that under some circumstances a breach of secrecy might militate against the essential fairness of the election, there is no reason to suppose that such is the case here. It was not even alleged in the injunction complaint that anyone had actually observed how any voter had voted, or that any voter had been influenced by the possibility of such a thing, or that any person had noticed or commented on the possibility before the polls closed.

The *Rideout* v. *City of Los Angeles*, 185 Cal. 426 [197 P. 74], the court, in affirming a judgment upholding an election in which the ballots were not printed in conformity with the statute, said (at p. 431) : ''It has been held that violations of statutes prescribing the dimensions of the ballots and the character of type and color of ink to be used in printing

them do not, in themselves, render the election void; and an election was held valid where, in violation of the provisions of the election law, the marks on the face of the ballots were discernible on the back thereof, owing to insufficient thickness of the paper. (*Kirk* v. *Rhoads,* 46 Cal. 398; *Short* v. *Gouger* (Tex. Civ. App.) 130 S.W. 267.)''

In *Dennen* v. *Jastro,* 23 Cal.App. 264 [137 P. 1069], an appeal from an unsuccessful election contest, the court said (at p. 267) : ''A failure to comply with some technical direction of the statute, where due alone to mistake or inadvertence on the part of those whose duty it is to prepare and furnish the ballot, should not disfranchise the entire vote of the district and vitiate the election, unless it be made to appear that by reason of the irregularity the result was different from what it would otherwise have been, or that it prevented the voter from freely, fairly, and honestly expressing his choice of the candidate for the office.''

The complaint filed in the superior court failed to allege facts showing an irregularity substantially affecting adversely the legal rights of any citizen. Therefore, even if the plaintiffs had standing to contest the legality of the election, they have alleged no grounds for doing so.

Let the peremptory writ of prohibition issue restraining any further proceedings in the superior court action except a dismissal of said action.

Shinn, P. J., and Ford, J., concurred.