[Civ. No. 2018.    Second Appellate District.—April 10, 1916.]

## W. A. ROCHE, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO et al., Respondents.

SUPERIOR COURTS—ORIGINAL JURISDICTION—CONSTITUTIONAL LAW.—
The original jurisdiction of the superior courts by virtue of article
VI, section 5, of the constitution extends to sundry subjects de-
clared in such section and to "all such special cases and proceed-
ings as are not otherwise provided for," which means necessarily
that wherever a case, or cause, exists which is outside the scope
of those directly mentioned in such section, and jurisdiction
thereof has not been vested in any other court or official body
authorized to exercise judicial functions, the jurisdiction to hear
and determine such special case is vested in the superior court.

ID.—ELECTION CONTEST UNDER LOCAL OPTION LAW—JURISDICTION OF
SUPERIOR COURT.—The right to contest an election held pursuant
to the provisions of the "Wyllie Local Option Act" (Stats. 1911,
p. 599) is a special case within the jurisdiction of the superior court,
in view of the fact that section 9 of such act gives the right to
make such a contest and that no other court is vested with juris-
diction thereof.

ID.—PROCEDURE—INAPPLICABILITY OF CODE—SILENCE OF STATUTE—
POWER OF COURT.—The fact that the provisions of the Code of
Civil Procedure on election contests are in some respects not appli-
cable to the contest of an election held under the local option law,
and that there is no provision made by statute prescribing who

shall represent the people, or how the representative of the people shall be cited or served with process, does not cause such a contest to fail for want of legal parties or procedure, as the court, under the provisions of section 187 of the Code of Civil Procedure, has power to adopt a suitable procedure which will furnish an opportunity for interested parties to appear at the hearing.

ID.—NECESSITY OF CONTESTEE.—In order to make effective the right of contest it is not necessary that some statute shall designate a contestee selected to represent the public and who must be cited to appear before the court in such proceeding, as it is not in the ordinary sense an adversary proceeding. The public are interested in having a correct determination of the result of the election, and since it is provided that any elector may contest the declared result of the election, it is implied that the court will permit any other elector to oppose such contest so far as necessary for a just and lawful disposition of the proceeding.

ID.—HEARING OF CONTEST—NOTICE—PUBLICATION IN NEWSPAPER—SERVICE OF CITATION UPON PRESIDENT OF TRUSTEES OF MUNICIPALITY—SUFFICIENCY OF.—An order directing the publication of notice of the time and place of hearing the contest of an election, held under the local option law, for two weeks in a newspaper published in the city where such election was held, and that service of a citation be made upon the president of the board of trustees of such city, is sufficient.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District to restrain the Superior Court of San Diego County from proceeding to enter judgment on the merits in an election contest.

The facts are stated in the opinion of the court.

Wright, Winnek & McKee, for Petitioner.

Luce & Luce, for Respondents.

CONREY, P. J.—In this proceeding the plaintiff, an elector of the city of Oceanside, asks for a writ of prohibition directing that the defendants refrain from proceeding to enter judgment on the merits in a certain election contest, and from taking any further steps concerning said contest save and except to dismiss that proceeding.

On the fourteenth day of October, 1915, in the city of Oceanside, a city of the sixth class, an election was held to

vote upon the question whether the sale of alcoholic liquors should be licensed in that city. This election was held pursuant to the provisions of a statute enacted in 1911 (Stats. 1911, p. 599), to provide for the regulation of the traffic in alcoholic liquors by establishing local option. On October 19th, the returns of that election were duly canvassed by the board of trustees of the city, who declared the result to be 217 votes against and 221 votes in favor of licensing such sales. On November 6, 1915, one C. G. Borden, an elector of the city, filed in the superior court of the county of San Diego a complaint in a proceeding entitled, "In the Matter of the Election held in the City of Oceanside, County of San Diego, State of California, on the 14th day of October, 1915, in pursuance of that certain act of the legislature of the State of California known as the 'Wyllie Local Option Act,'" for the purpose of contesting the election upon certain stated grounds of contest; praying for a recount of the ballots and for judgment that the result of the election was not in favor of license, "and that the said board of trustees of said city of Oceanside be ordered to make an entry in its records declaring that the said city of Oceanside is no-license territory." On November 16, 1915, an order was made for a special session of the superior court to be held on the third day of December for the purpose of hearing said election contest. No citation was then issued to any defendant or respondent in that case (none being named in the complaint); but a direction was incorporated in the order that a copy thereof be published in two successive issues of a designated weekly newspaper published in the city of Oceanside; and that publication was made in accordance with the order. On December 3d the court continued the hearing of the contest until December 6th, and on December 4th caused to be issued a citation directed to David Rorick, president of the board of trustees of the city of Oceanside, citing him to appear before the court on December 6th to show cause, if any he had, why contestant should not be granted judgment as prayed for in his petition of contest. The citation was duly served upon Rorick on December 4th, and at the hearing on December 6th Rorick filed an answer protesting that the court had no jurisdiction for any purpose in that case. The court having overruled all objections to its jurisdiction, proceeded to hear the evidence in the matter of said election contest, and will

30 Cal. App.—17

proceed to enter judgment thereon unless prevented by means of the writ demanded in this proceeding.

The petitioner claims that the superior court is without jurisdiction in the case brought before it; that such jurisdiction does not exist, except so far as conferred by statute, and that the statutory provisions upon which respondents must rely are insufficient to confer the jurisdiction which the superior court is attempting to exercise in that proceeding.

The original jurisdiction of superior courts extends to sundry subjects declared in the constitution, and to "all such special cases and proceedings as are not otherwise provided for." (Cal. Const., art. VI, sec. 5.) This means necessarily that wherever a case, or cause, exists which is outside the scope of those directly mentioned in the provisions vesting jurisdiction in the superior court, and jurisdiction thereof has not been vested in any other court or official body authorized to exercise judicial functions, the jurisdiction to hear and determine such special case is vested in the superior court. In section 9 of the local option election law above cited, we find that "any elector of the territory in which an election under this act is held may contest such election for malconduct on the part of an election board or of any member thereof or on account of illegal votes. Such contest shall be subject to all the provisions of law relating to the contesting of elections, so far as the same may be applicable. . . ."

The right of contest being thus created and there being no other court vested with jurisdiction over the matter, it follows that by virtue of the constitution and the statute, the subject matter of any contest arising under the local option act is a special case within the jurisdiction of the superior court. There are no statutory provisions outlining a procedure for election contests, except as found in section 1111 et seq. of the Code of Civil Procedure. Those sections furnish a procedure for contesting the right of any person declared elected to an office to be exercised in any county, city and county, city, or any political subdivision of either. They contemplate an adversary proceeding in which the contestee is one who has been declared elected to an office, and he is to be brought before the superior court by means of a citation issued and served after an order providing for a special session of court to hear the contest. The petitioner

herein contends that the provisions of the Code of Civil Procedure are not applicable to a contest relating to a question submitted to the electors other than one including the election of a public officer; that there being no contestee, the provisions for citation and service as set forth in section 1119 of the Code of Civil Procedure cannot be applied to the case. He directs attention to the fact that the public is the real party in interest in such a proceeding, and claims that because there is no provision anywhere made by statute prescribing who shall represent the public, or how the representative of the public shall be cited or served with process, the attempted contest must fail for want of legal parties or procedure. Cases are not wanting which tend to support the argument thus made. Among these, and very strongly relied upon, are *Beason* v. *Shaw,* 148 Ala. 544, [18 L. R. A. (N. S.) 566, 42 South. 611] ; *Kehr* v. *City of Columbia,* 136 Mo. App. 322, [116 S. W. 428]. While appreciating the force of these decisions, it is our opinion that, in view of a further provision of statutory law in California, they should not have controlling effect here. If the code sections concerning election contests do not apply to the case presented by a local option question, it does not follow that there is no possible procedure. The right to contest the election has been conferred by the same statute which authorized the election to be held. An elector claims to have been aggrieved (as one of the public therein concerned) by an erroneous declaration of the result of the election. The alleged grievance is therefore a special case entitled to be heard, and the jurisdiction to hear and determine that case is vested in the superior court. The only obstacle remaining in his way is found in the fact that no procedure applicable to the case has been prescribed by statute. Under such circumstances it is necessary to inquire what are the powers of the superior court with respect to the mode of proceeding.

Section 187 of the Code of Civil Procedure provides as follows: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit

of this code.'' We are inclined to agree with counsel for petitioner, that the code provisions on election contests to which we have referred are in some respects not applicable to the contest of an election held under the provisions of the so-called Wyllie Act. But we do not think that, in order to make effective the right of contest, it is necessary that some statute shall designate a contestee selected to represent the public and who must be cited to appear before the court in such contest proceeding. It is not in the ordinary sense an adversary proceeding. The public—that is to say, the people of the city of Oceanside—are interested in having a correct determination of the result of the election, and since it is provided that any elector may contest the declared result of the election, it is implied that the court will permit any other elector to oppose such contest so far as necessary for a just and lawful disposition of that proceeding. Under section 187 of the Code of Civil Procedure, it devolves upon the court in such a case to adopt a suitable procedure which will furnish an opportunity for any interested person to appear at the hearing. This the court attempted to do by providing for the publication in a newspaper of the city, of a notice of the time and place when the case would be heard. This alone, in our opinion, was a sufficient compliance with the law as to procedure. The court acquired its jurisdiction of the case upon the filing of the complaint, and it was entitled to exercise that jurisdiction by the appropriate means which it selected. The court further recognized the existence of the city government as a body in some respects representing the people of the city, and caused service of a citation to be made in a manner similar to that which is required for the service of a summons where the city is a party defendant in an action. (Code Civ. Proc., sec. 411, subd. 5.) Where the power of judging of the election of city officers is vested in a city council, and there is no statute prescribing any details of procedure to be followed by the council, that body may adopt any mode which preserves to the parties the fundamental essentials of notice and hearing. (*McGregor* v. *Board of Trustees,* 159 Cal. 441, 445, [114 Pac. 566].) If this power to prescribe details of procedure is so liberally allowed to a municipal body when exercising functions of a judicial nature, it would be difficult to understand why like discretion should be denied to a superior court. The contention

on behalf of petitioner seems to be that, even if the court had jurisdiction of the subject matter of the contest, there was a lack of necessary parties and of jurisdiction acquired over those parties; and that the provisions of section 187 of the Code of Civil Procedure do not include any grant of authority to adopt process for the purpose of bringing before the court the necessary parties. But we think that, since the court had jurisdiction of the subject matter, and since the necessary parties, namely, the local public and its members, were clearly pointed out by the nature of the case, the authority given by section 187 included the right to bring those parties before the court by any suitable process which appeared to be most conformable to the spirit of the code. This having been done, the court had jurisdiction to proceed with the case.

The petition is denied.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 1, 1916.