[Civ. No. 2189.   Third Appellate District.—November 19, 1920.]

FONG SING et al., Appellants, v. HARVEY O'DELL, as Administrator, etc., et al., Respondents.

[1] PARTNERSHIP — DEATH OF PARTNER — RECOVERY OF POSSESSION FROM ADMINISTRATOR—PLEADING.—A complaint in an action for an accounting brought by certain members of a partnership against the administrator of the estate of one of the deceased partners and other members of the firm, which alleges the existence of the partnership, the death of one of the partners, the appointment of his administrator, the ownership of the partnership of certain particularly described personal property, the taking of possession of a part thereof by the administrator, and the

denial of the right of the partnership thereto, states a cause of action against the administrator for the possession of the property.

[2] ID.—ACTION AGAINST ADMINISTRATOR AND PARTNERS — RECOVERY OF POSSESSION OF DIFFERENT PROPERTY—JOINDER.—A cause of action against certain members of a partnership to recover the possession of certain personal property alleged to belong to the partnership may be joined with a cause of action against the administrator of the estate of a deceased partner to recover the possession of other personal property, although the action against the administrator is, strictly speaking, in law and against the other defendants in equity, since the single purpose of the action is to subject all of the partnership property to an accounting.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Joseph F. O'Malley, C. C. Wing and Wing, O'Malley & McGrath for Appellants.

Nutter, Hancock & Rutherford and Von Detten, Henry & Goodrum for Respondents.

BURNETT, J.—The action was brought for an accounting based upon an alleged partnership, of which plaintiffs, the decedent, and the individual defendants were members. Separate demurrers were interposed by the administrator and the other defendants, which were sustained, and the plaintiffs, declining to amend, judgment passed, from which the appeal has been taken. The rights and duties of a surviving partner are clearly set forth in the Code of Civil Procedure and the decisions of the courts. In section 1585 of said code it is provided that "When a partnership exists between the decedent at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership and to settle its business. . . . The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator and pay over such balances as may from time to time be payable to him, in right of the decedent. Upon the application of the executor or administrator, the court or a judge thereof, may, whenever it appears necessary, order the surviving partner to render an

account . . . ; and the executor or administrator may maintain against him any action which the decedent could have maintained.''

In *Tomkins* v. *Weeks*, 26 Cal. 51, it is said: ''The administrator has no authority to intermeddle at all with the partnership affairs, except that he is entitled to call upon the surviving partners to proceed to close up the partnership affairs and account to him for the share of the surplus belonging to the estate.''

In *Cooley* v. *Miller & Lux*, 168 Cal. 120, [142 Pac. 83], we find this statement of the law: ''Neither the executor nor the heirs have any right of possession of the partnership property until the surviving partner has proceeded to its liquidation and delivered it over to them. The executor or administrator has only the right to demand and enforce settlement and payment and delivery over of such part thereof as may remain after final settlement by the surviving partner of the partnership affairs. The surviving partner is the only legal representative of the partnership at least as between him and the heirs and legal representatives of the deceased member.'' Of course, the principle is the same where there are more than one surviving partner. Those who are left must individually proceed to liquidate the affairs of the partnership and deliver the residue over to the parties entitled thereto, including the administrator or executor, as the case might be.

The survivors herein, being entitled to the possession of the property of the partnership, it would, of course, follow that they would have a cause of action against the administrator of the estate of one of the partners, who had taken possession for the estate of some of the property and refused to deliver it over to said survivors. Quite clearly, though, the action would be in claim and delivery and not in equity for an accounting. Plaintiffs apparently proceeded upon the theory that they could compel the administrator to participate in the liquidation and settlement of the partnership affairs, and hence the peculiar form of the action. Plaintiffs seem to think that *Raisch* v. *Warren*, 18 Cal. App. 655, [124 Pac. 95], justifies their view of the proper procedure. In that case, however, the point was not made that an action against the administrator of a deceased partner for an accounting could not be maintained. Indeed, the

action was for an injunction, and the only point relied upon was that plaintiff was not in a position to bring the suit because he had not reduced the claim to a judgment.

But, of course, the peculiar form of the action is unimportant if sufficient facts be stated to justify any relief. As declared by the supreme court in the recent case of *Zellner* v. *Wassman,* 184 Cal. 80, [193 Pac. 84]: "It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled."

[1] In the complaint herein are alleged the existence of the partnership, the death of one of the partners, the appointment of his administrator, the ownership by said partnership at the time of said death of certain personal property, described therein, that said administrator had taken into his possession a part of said property, it being designated in the complaint, and that said defendant has claimed, and still claims, the property of his intestate "and has denied and still denies the right of said firm and the said partners therein and has asserted and still asserts title therein." The only possible omission that could be urged is the failure to allege specifically a demand for the delivery of the property, but this is cured by the showing that such demand would be unavailing. Besides, we find the averment that, before the commencement of the action "plaintiffs demanded of defendants an accounting of the partnership transactions and affairs that said defendants then and there refused and still refuse, omitted and still omit to render such accounting."

It cannot be doubted, therefore, that the complaint states a cause of action against said administrator for the possession of said personal property.

[2] But a more difficult question is injected into the case by the fact that another cause of action against the other two defendants for the recovery of other personal property is joined in the complaint—indeed, in the same count—with said administrator.

The allegations as to each are similar and it is sufficient to exhibit the following: "That the defendant Philip Storey, prior to the commencement of this action took into his

possession, and still retains personal property belonging to and owned by said copartnership [describing it]; that said defendant has claimed and still claims the said property as his own and has denied and still denies the right of said firm and of said partners therein, and has asserted and still asserts title thereto adverse to said partners and to said firm, and has refused and still refuses to account therefor to said parties."

It is also alleged "that defendants Philip Storey and Bing Kee refuse to join as parties plaintiff and for that reason, and for the further reason that they refuse and each of them refuses to render an accounting of partnership transactions had by them, and each of them, they are joined as parties defendant."

In 30 Cyc. 445, the governing principle as to the relation of the partners to the partnership property is stated as follows: "As firm property is not owned by the partners in severalty, but belongs to the partnership, it follows that neither partner is entitled to exclusive possession of the firm estate, or of any item of property composing it. If a partner wrongfully asserts such exclusive possession the other partners may obtain relief in equity, but they cannot maintain a purely possessory action at common law." Among the cases cited to support the text are *Stone* v. *Fouse,* 3 Cal. 292; *Nugent* v. *Locke,* 4 Cal. 318; *Pico* v. *Cuyas,* 47 Cal. 174.

Respondents have not pointed out any particular in which said allegations against Storey and Kee fall short of stating a cause of action for an accounting. We perceive nothing lacking in that respect. Indeed, whether regarded as in equity, or at law for recovery of the specific part of the partnership property held by them, the complaint states a cause of action against said Storey and Kee. We may add that, in our opinion, since it appears that two of the surviving partners are making adverse claims to a part of the partnership property, it would not be altogether unreasonable to hold that the plaintiffs are entitled to the possession of said property for the. purpose of settling the partnership affairs and distributing the residue to those entitled thereto. In other words, having repudiated the ownership of the partnership, they are hardly in a position to claim the privilege of possession as partners. By their

own conduct they have placed themselves in the attitude of strangers and probably should be so treated. At any rate, we are satisfied a cause of action is stated against them.

The question remains whether there has been a misjoinder of causes of action or of defendants. If the action were against surviving partners only who claimed an adverse interest in separate portions of the partnership property, there could be no doubt that it would not be open to the objection of multifariousness. The same result would follow if each of the defendants made claim to the same property belonging to the partnership. The problem is somewhat complicated by the fact, however, that the adverse claim is to separate portions and the action against the administrator is, strictly speaking, in law and against the other defendants in equity.

But, after all, the purpose of the action is single, to subject all the property of the partnership to an accounting, that the debts may be paid and the residue distributed to the plaintiffs and the defendants according to their respective interests.

It is a case for the application of the principle stated in Story's Equity Pleadings, paragraphs 533 and 534, as follows: "Where there is a common liability in the defendants, and a common interest in the plaintiffs, different claims to property, at least, if the subjects are such as may without inconvenience be joined, may be united in one and the same suit; and further, that where the interests of the plaintiffs are the same although the defendants may not have a coextensive common interest, but their interest may be derived under different instruments, if the general object of the bill will be promoted by their being united in a single suit, the court will not hesitate to sustain the bill against all of them."

In *Dimmock* v. *Bixby*, 20 Pick. (Mass.) 368, it is held that "where one general right is claimed by the plaintiff, although the defendants may have separate and distinct rights, the bill of complaint is not multifarious."

In *Wade* v. *Rusher*, 17 N. Y. Super. Ct. 537, it was held that "where suit is brought by one of two partners against the other, to obtain an accounting and payment of a balance justly due from the defendant to the plaintiff, and to set aside as fraudulent a release from liability as such

partner executed by the plaintiff to the defendant; a third person who has fraudulently and without consideration obtained from the defendant portions of the partnership property may also be made a party, in order to subject the property so held by him to the payment of any balance due from the defendant to the plaintiff." The governing principle was said to be that the cause of action was single, namely, the right to an accounting and an application of the partnership property to the payment of the sum due from the defendant.

In *Wilson* v. *Castro*, 31 Cal. 421, it was held that a bill in equity to enforce a trust averring "that plaintiffs' grantors inherited a tract of land as heirs at law of their brother, and received a grant of the same from the government of Mexico, and died intestate, and that two of the defendants afterward received patents for distinct parcels of the same, and that several other defendants claim the title to separate and distinct parcels of the same derived from the patents and that the defendants hold the legal title to the several distinct parcels in trust for the plaintiffs, is not multifarious." In the course of the discussion the court said: "It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all parties interested in the subject of the suit, so as to make the performance of the decree of the court perfectly safe to those compelled to obey it, and to prevent further litigation. For this purpose all persons materially interested either legally or beneficially in the subject matter of the suit, ought generally to be made parties thereto, either as plaintiffs or defendants, so that there may be complete decree which shall bind them all."

In *Doudell* v. *Shoo*, 20 Cal. App. 424, [129 Pac. 478], the subject received careful consideration by this court. Therein it was held that since the principal relief sought was the establishment of the existence of the partnership and for an accounting, the prayer for an injunction and the appointment of a receiver was only in aid of the main relief sought, and that there was no misjoinder of causes of action.

In *Bremner* v. *Leavitt*, 109 Cal. 130, [41 Pac. 859], we have this general statement of the controlling principle in such cases: "In an action for an accounting between part-

ners, all matters relating to and growing out of the partnership relation of the parties, and for which an accounting is sought, however varied they may be in their nature, taken together constitute but a single cause of action, and may properly be embraced in a single count in the complaint.''

The case at bar differs somewhat in its facts from any of the foregoing citations, but we think it presents a similar situation. The technical terminology being ignored, the case is simply one, after the dissolution of a partnership, against several parties who are in possession of some of the partnership property and claiming the same, to have it determined that said property belongs to said partnership and to subject it to the payment of the partnership debts and to have the residue distributed to those entitled to it. Necessarily we assume that the facts are as stated in the complaint. It may be that after issue joined it would be advisable and proper to try separately the issues that may be raised by the different parties, but we think the defendants should be put to their answer.

We may state that respondents devote nearly their entire argument to the proposition that the complaint does not state a cause of action, and this is all that is said upon the point of misjoinder: ''We respectfully submit that the amended complaint therefore states no facts giving the plaintiff any grounds for relief against the defendant O'Dell as administrator, and that his demurrer was therefore properly sustained and that the demurrer of the defendant Storey was also properly sustained upon the ground that he has been improperly joined with defendant O'Dell, with whom he is in nowise united so far as the subject of the action is concerned.''

We think they are mistaken, and the judgment is reversed, with direction to the lower court to overrule the demurrers and permit defendants to answer.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.