[Civ. No. 909. Fourth Appellate District.—November 13, 1931.]

VINCENT L. HOWE, Appellant, v. BOARD OF SUPERVISORS OF SAN DIEGO COUNTY, CALIFORNIA, Respondent.

W. S. Staley for Appellant.

Thomas Whelan, District Attorney, and F. T. Dunn, E. I. Kendall and E. W. Goodman, Deputies District Attorney, for Respondent.

JENNINGS, J.—A demurrer was sustained to plaintiff's complaint and judgment was entered dismissing the action. This appeal is from the judgment and for the purpose of reviewing the court's order sustaining the demurrer. The complaint herein which is entitled "Petition—Statement—Complaint" contains in substance the following allegation:

That appellant for more than a year prior to April 8, 1931, was a resident in and registered voter of the second supervisor district of San Diego County, California, and eligible to fill the office of supervisor of said second supervisor district; that prior to said April 8, 1931, petitions demanding the recall of the incumbent supervisor were circulated and signed by qualified voters of said district; that such petitions were filed with the county clerk of San Diego County and were by said county clerk checked and certified to as containing the required number of signatures of duly qualified voters residing in the second supervisor district and such petitions were thereupon submitted to the Board of Supervisors, which board forthwith called a special election to be held in said second supervisor district on May 19, 1931, for the purpose of submitting to the vote of the electors of said district the question of the recall of the incumbent supervisor of said district; that the special election was duly held on the date appointed and the returns were made as provided by law and forwarded to the county clerk and on May 25, 1931, said election returns were officially canvassed and the official records of the canvass were properly and regularly made by the county clerk; that the returns thus made and recorded and filed in the county clerk's office showed that 3,082 electors had voted "yes" on the question of the recall and that

3,409 electors had voted "no" on such question; that thereupon the Board of Supervisors declared that the question of the recall had not carried and that the incumbent supervisor was entitled to continue in office as supervisor; that illegal votes were cast and counted by the election officials and canvassed by the Board of Supervisors and legal votes were by said election officials thrown out and not counted, which legal votes should have been counted as cast for the recall; that the election officials in various precincts were guilty of specified malconduct; that upon the calling of the special election, appellant circulated nomination petitions and secured the required number of signatures of registered voters, which petitions were certified by the county clerk as containing signatures of the required number of legal voters in the district and appellant's name was thereupon printed upon the official ballot as the only candidate for the office of supervisor if the recall should succeed.

The complaint then alleges various grounds for his demand for a recount of the votes cast on the recall proposition and particularly various acts of malconduct on the part of election officials by means of which it is alleged that it was made to appear that a greater number of electors voting on the proposition of the recall had voted against the recall, whereas in truth the greater number of electors had voted in favor of the recall; that a recount of all legal votes cast at the special election is necessary for the proper determination of the question of the recall and for the proper determination of the person legally entitled to fill the office of supervisor of said second supervisor district. The prayer of the complaint asks that it be decreed that the incumbent supervisor is not entitled to the office and that he be ousted therefrom and that on a recount of the votes cast at the election, the correct returns be made and the returns heretofore made be annulled and vacated.

The demurrer interposed to the complaint was general and on the further ground that the respondent board is not a proper party defendant in the action. The record indicates that upon hearing argument of counsel upon the demurrer it was overruled by the court and appellant was given leave to file an amended complaint. Thereafter a document entitled "Amendment to Petition—Statement—Complaint" was filed which recites that the court had granted to appel-

lant permission to amend his complaint theretofore filed to the end that the incumbent supervisor should be made a co-defendant and that such incumbent is hereby named and made a party defendant in the action. Thereupon the incumbent supervisor appeared specially in the action for the purpose of moving the court for an order quashing the citation issued in the action and for an order quashing the service of the complaint and the amendment to the complaint. At the time the motions of the incumbent supervisor were presented, counsel for the respondent board appeared and moved the court to reconsider its ruling on the demurrer theretofore made. The court granted the motions to quash the service of citation and the service of the complaint and amendment to the complaint upon the incumbent supervisor and dismissed the action as to the incumbent. No appeal was taken from this order. The court then proceeded to reconsider its prior ruling on respondent's demurrer and upon such reconsideration sustained the demurrer without leave to amend and made its order dismissing the action. The appeal herein is from the last named order.

Appellant makes some point of the fact that the court after first overruling respondent's demurrer reconsidered its ruling and sustained the demurrer without leave to amend. This the court had ample power to do as it retained complete jurisdiction over the case until final judgment and could properly reconsider a ruling overruling a demurrer and correct its prior ruling if convinced that it was erroneous. (*De La Beckwith* v. *Superior Court,* 146 Cal. 496 [80 Pac. 717].)

The principal contention advanced by appellant is that the action instituted by him is not an election contest. Whether this contention can be successfully maintained depends not upon his declaration to that effect but upon the allegations contained in the complaint. These allegations indicate that, despite appellant's statement to the contrary, the complaint filed by him does in fact set forth a contest. It contains the allegations required under the provisions of title II, part III of the Code of Civil Procedure (secs. 1111–1127). It contains the various essential elements of such a proceeding and in all respects conforms to the requirements of an action of this character.

Appellant declares that two principles are controlling in this appeal. The first of these principles is that the official acts of any public officer can, by proper action, be adjudicated by the courts. The second is that for such a purpose any citizen is a proper party plaintiff. So far as the latter of the two principles is concerned there is no attack upon the proposition that appellant is the proper party plaintiff. If, as we think, the action is one for the contest of an election, he is without doubt and peculiarly the proper party plaintiff. Nor is there occasion to dispute the very broad and general statement that the official acts of public officers are always open to scrutiny by the courts in proper actions. The very question involved herein is whether we have a proper action and a proper party defendant.

Appellant urges that his action herein is equitable in character; that the proposition of the recall of the incumbent official is one of general interest to the electors of the district; that the remedy of recall has been specifically established by statute and that, if no machinery has been set up by law for enforcing the will of the people, jurisdiction is by implication conferred upon a court of equity to do so by suitable and appropriate procedure. The decision in *Gibson* v. *Board of Supervisors,* 80 Cal. 359 [22 Pac. 225], is relied upon as establishing the above stated principle. In the case cited, the Board of Supervisors had submitted to the electors of a county the question of issuance of county bonds for the purpose of building certain bridges. Upon a canvass of the votes cast at such election, it appeared that there was not a two-thirds' majority in favor of the bonds, whereupon the board declared that the proposition was lost. Plaintiff, a citizen and taxpayer, instituted an action against the board averring that at several precincts a large number of ballots cast for the bond issue were not counted by the election officials and asked that the board's order declaring the proposition lost be annulled and the true result of such election be declared. A demurrer on the grounds of lack of legal capacity of plaintiff to bring the suit, lack of jurisdiction in the court to entertain the action and failure of the complaint to state facts sufficient to constitute a cause of action was overruled. The court found that the averments of the complaint were true and entered judgment decreeing that the bond issue had carried. The

principal question on appeal was the contention that the court had no jurisdiction or authority to inquire into the result of the election. It was decided that the court, as a court of equity, possessed the necessary jurisdiction to make the inquiry, which jurisdiction was conferred by necessary implication for protecting and enforcing the will of the people, although no procedure had been established by statute for the contest of such an election. The premise upon which the court's reasoning was based was that the proposition for the issuance of bonds was one of general interest to the electors. In *People* v. *Wiant*, 48 Ill. 263, cited with approval in the decision, the result of an election for the removal of a county seat was involved. The Supreme Court of Illinois pointed out the distinction between an ordinary election contest between two individuals as to which should occupy the office and the contest of an election of the character under consideration, and made the following pertinent observation: "In that case (an election contest between individuals) the individuals are immediately interested and the public remotely; but in this case it is a matter of public concern to the people of the county."

In *Roche* v. *Superior Court*, 30 Cal. App. 255 [157 Pac. 830, 832], the question before the court was the right of an elector of a city to contest an election held pursuant to the provisions of the "Wyllie Local Option Act" (Stats. 1911, p. 599) and the jurisdiction of the superior court to entertain such an action. The court pointed out that the statute under which the proposition was submitted to a vote of the people provided that any elector was specifically given the right to contest the election, which contest should be subject to all the provisions of law relating to the contesting of elections. It was recognized that it was difficult to make all the code provisions relative to election contests applicable to the contest of an election of the character under consideration but it was held that since the statute expressly provided for the right of contest the duty devolved upon the superior court to adopt a suitable procedure which should protect and enforce the right of contest thus conferred. The court noted the distinction between an ordinary election contest and a contest of the character under consideration and made the following observation: "It is not in the ordinary sense an adversary proceeding. The public—that is to say,

the people of the City of Oceanside—are interested in having a correct determination of the result of the election, and since it is provided that any elector may contest the declared result of the election, it is implied that the court will permit any other elector to oppose such contest so far as necessary for a just and lawful disposition of that proceeding."

But the contest herein is essentially an adversary proceeding. It is fundamentally a contest instituted by the individual who was the sole candidate for election to the office of county supervisor if the recall of the incumbent should be successful. The right to contest an election is purely statutory and must be determined in accordance with the provisions of the statute. (*Powers* v. *Hitchcock*, 129 Cal. 325 [61 Pac. 1076]; *Austin* v. *Dick*, 100 Cal. 201 [34 Pac. 655].) The code provisions (title II, part III, Code Civ. Proc.) relating to the contesting of certain elections are not applicable to a contest of the character which is here attempted.

It follows therefore that the court's order sustaining respondent's demurrer without leave to amend was proper and the judgment of dismissal as to respondent is affirmed.

Barnard, P. J., and Marks, J., concurred.