[Civ. No. 1220.   Fourth Appellate District.—June 12, 1933.]

C. W. BARRITT, Appellant, v. SUSIE F. BARRITT, as Administratrix, etc., et al., Respondents.

James P. Sweeney and Frank J. Fontes for Appellant.

W. H. Stammer, H. E. Dwelle and Ernest Klette for Respondents.

ANDREWS, J., *pro tem.*—This appeal is from a judgment of dismissal following the sustaining of a demurrer to the complaint without leave to amend. The complaint sets forth that in the year 1916 the plaintiff and two brothers entered into a partnership for the purpose of dealing in cattle; that in the course of the business the partnership acquired certain real estate which was used in the business, the title to which was taken in individual names of different members of the partnership to be held in trust for the partnership; that the real estate thus acquired was during the course of the business from time to time sold and conveyed to purchasers, reserving, however, the mineral rights to the soil, the deeds conveying only the surface rights. The active business of the partnership was brought to a close during the lifetime of the brothers and the assets of the company divided between them, except the mineral rights which had been reserved from the conveyances of the land.

It is alleged that at the time the assets were divided it was agreed that these mineral rights were to remain, so far as the title was concerned, undistributed and to be held in trust for the different copartners, each to be entitled to a one-third interest, conveyance to be made of such interest on demand. Subsequent to this settlement of the business one of the partners, R. T. Barritt, died on the fourteenth day of July, 1921, and on the sixteenth day of September, 1921, B. F. Barritt, one of the partners, was appointed executor of the estate. B. F. Barritt continued to act as executor of the estate up to the time of his death, the date of his death not appearing in the complaint, nor in the

record. Subsequent to the death of B. F. Barritt, his wife, Belle A. Barritt, was appointed executrix of his estate on December 23, 1927, and on said date Susie F. Barritt, widow of R. T. Barritt, was appointed administratrix of the estate of R. T. Barritt, deceased, and since that date these persons have been and now are administering these estates; that since the appointment of these persons to administer these estates they each admitted to plaintiff knowledge of the trust in the mineral lands and agreed that his one-third interest should be recognized and protected in the administration of the estates; that on the twentieth day of June, 1930, they repudiated their trusts and denied plaintiff's right to any interest in the lands; that thereupon on July 12, 1930, this action was begun to enforce this trust and recover plaintiff's rights in said lands.

Defendants demur to the fourth amended complaint upon the general ground that it does not state a cause of action, and upon the further ground that it appears upon the face of the complaint that the statute of limitations has run against plaintiff's cause of action, if any is stated, and that the right of action has been lost through laches, if any existed. A special demurrer was also interposed for uncertainty, many specifications being set forth.

■ (1) The briefs discuss the nature of the trust attempted to be set forth in the complaint and consideration of that question leads to the conclusion that there is no constructive and no resulting trust but that the pleading and rights of the plaintiff depend upon an express, constructive, and continuing trust created by the agreement and acts of the partners. ■ The defendants insist that the allegations of the complaint show only a trust created by oral agreement between the partners at the time of the final settlement of their partnership relations and that such trust could not be created by parol because of section 852 of the Civil Code, which provides that no trust of this character can be created except in writing. The answer to this contention on the part of plaintiff is that the rights here involved, although in their nature real estate, were at the time of the making of the verbal contract creating the trust, partnership property, and as between the partners and in connection with any matter pertaining to the partnership business, regarded in law as personal property, and that

such a trust as is here involved can be created orally in personal property. There is force in the contention that the oral contract alleged would sustain the trust contended for, but the facts alleged in the complaint justifies a working out of the same result, the same relationship, and the same rights arising thereupon, in another view of the complaint. The existence of the partnership, the fact of its ownership of the lands in question, and the fact that the partnership was terminated and assets divided except as to these reserved mineral rights, presents a case where under section 2424 of the Civil Code the partnership would still continue until these lands were finally disposed of and divided under the original trust created by the partnership relation. The conclusion reached is that the complaint states a cause of action except as affected by the other contentions.

■ (2) The trust set forth in the complaint would be a voluntary continuing trust against which the statute of limitations would not begin to run until a repudiation of the trust by the trustee. Upon the death of R. T. Barritt the character of the trust was changed, as to the interest which was in his name, from a voluntary trust to an involuntary trust. The heirs, devisees or executor would after his death take the property subject to the trust, but immediately upon the death the statute of limitations would begin to run and unless in some manner waived or asserted by action, the right of plaintiff would be lost after four years. (*Norton* v. *Bassett*, 154 Cal. 411 [97 Pac. 894, 129 Am. St. Rep. 162].) ■ His death occurred some nine years before the commencement of this action and the right of action was therefore extinguished as appeared upon the face of the complaint unless the allegation of the complaint that the administratrix had recognized the trust and agreed to respect its provisions in the administration of the estate would operate to waive the effect of the statute.

(3) The case above cited is also an answer to this contention in that it is there held that no oral recognition of the trust by the successor to the property would operate to change the nature of the trust and that no administratrix has authority to recognize the existence of a trust or to change its character. The result would be that as to that portion of the property which stood in the name of R. T.

Barritt, the running of the statute of limitations had not been waived, and as to that particular portion of the land involved, the plaintiff had no right and the demurrer was properly sustained. The fact that for a portion of the time, which· was within the four-year limitation, the executor was one of the partners and charged with knowledge of a recognition of the rights of plaintiff, would in no way affect his rights and duties as executor.

A part of the lands was held by R. T. Barritt and B. F. Barritt jointly as trustees under the same deed. Section 2288 of the Civil Code provides that upon the death of one of several cotrustees the trust survives to the others. They were not cotrustees and the section could not have the effect of continuing this trust and enabling the surviving trustee to carry out its provisions, thereby preserving the right of plaintiff against the bar of the statute of limitations. The nature of the creation of the trust and the manner in which it must necessarily be executed and the individual right given to each grantee by the deed which conveyed the land to them apparently as tenants in common requiring the separate individual action to overcome the legal effect of the apparent title held by each, makes it apparent that each would be the separate trustee of the undivided portion of the property which he would receive by the deed and which would belong to him absolutely except for the trust.

(4) A different situation may be presented as to the lands held in trust by B. F. Barritt at the time of his death. While the date of his death is not disclosed, and the statute of limitations could not be tested on demurrer, it is assumed for the purpose of this opinion that four years had not elapsed from the date of his death to the time of bringing this action. As to the lands held in his name, therefore, the statute of limitations would not have run at the time of the commencement of the action and the complaint would state a cause of action against such lands unless the plaintiff's right had been lost by laches. It is the rule that equity follows the law in the matter of limiting the time for commencing actions as provided by the statutes enacted for that purpose, unless due to some circumstances which are shown to create strong equitable considerations it can be seen that the right of plaintiff ought not to be recognized in equity. The circumstances surrounding plaintiff's

claim as against the lands standing in the name of B. F. Barritt at the time of his death, there having been no repudiation by him, and there having been attempted recognition of plaintiff's rights by defendants charged with the administration of his estate, and the time and character of the claim not being such that any of defendants' rights would be seriously affected by the delay, which was not impressive, it must be held that it is not a proper case for the application of the doctrine of laches.

(5) The special demurrer presents twenty specifications which defendants consider important to a proper amplification of the complaint to the end that it may be tested as to its sufficiency, and to enable defendants to answer, and to an understanding of the issues which must be involved in the trial of the case. An examination of all of these specifications leaves the impression that none of them is necessary to the cause of action or useful in preparing to meet the issues raised by the pleadings.

(6) The second cause of action including, as it does, the statement of the first cause of action differs in no way from that cause of action, the question of title being alike involved in both, and the same ruling involved in the demurrer to the first cause of action applies to the second.

(7) The demurrer was sustained without leave to amend and as to the land in the name of R. T. Barritt, under the conditions as shown by the record, this was a proper order. No application to amend appears to have been made and no showing as to the nature of the amendment which was desired. An ample opportunity had been afforded in the handling of the case prior to this order for framing the complaint upon such lines as plaintiff considered possible for the presentation and protection of his rights.

The judgment is reversed, with directions to overrule the demurrer so far as the complaint relates to the lands held in the name of B. F. Barritt, and the judgment is affirmed in so far as it relates to the lands held in the name of R. T. Barritt. The attempted appeal from the order sustaining the demurrer is dismissed as not being an appealable order.

Barnard, P. J., and Jennings, J., concurred.