[S. F. No. 15389.   In Bank.—January 29, 1936.]

H. WRIGHTSON, Appellant, v. F. C. DOUGHERTY et al., Respondents.

Robert R. Moody for Appellant.

McCutchen, Olney, Mannon & Greene, Agnew & Boekel and John D. Gallaher for Respondents.

CURTIS, J.—Viewing the allegations of plaintiff's complaint as amended most favorably to the plaintiff, the following facts are stated therein. Washington H. Ochsner was indebted to plaintiff in the sum of $12,500. On January 24, 1927, said Ochsner was the owner of 100 shares of stock of the Universal Oil Company, and on said day plaintiff and Ochsner entered into an agreement that in consideration of the cancellation of said indebtedness by plaintiff, he and Ochsner would own said 100 shares of stock as copartners, and that the certificate evidencing said shares of stock should remain in the name and possession of Ochsner as it had been before said agreement. In pursuance of this agreement, Ochsner continued in possession of said stock up to the time of his death which occurred on April 11th of the same year. After his death, defendant Hilda Carling Ochsner was appointed the administratrix of his estate, duly qualified as such administratrix, and as such administratrix came into the possession of said shares of stock and has so continued in possession thereof. Since said agreement of partnership had been entered into by the plaintiff and Ochsner, a large sum of money had accumulated as royalties and income on said stock which sum of money was in the custody of the Superior Court of the City and County of San Francisco, and under various agreements entered into by the Universal Oil Company, that company became entitled to said sum of money, and the plaintiff by reason of his partnership interest in said 100 shares of stock of the Universal Oil Company was the owner of one-twentieth of said sum of money. The capital stock of said Universal Oil Company consisted of 500 shares. Plaintiff had, prior to the commencement of said action, demanded of said administratrix and the other defendants one-fourth of said 100 shares, or 25 shares, and one-fourth of the royalties and income from 100 shares of stock, that is to say, one-twentieth of said sum of money in the custody of the Superior Court of the City and County of San Francisco,

but that the defendants had refused to deliver said shares of stock or pay to plaintiff any part of said sum of money. In a second cause of action plaintiff alleged that he was the owner of said 25 shares of stock of the Universal Oil Company, and the royalties and income therefrom, that the defendants without right claimed some interest in said shares of stock and the royalties and income therefrom, and asked to have his title to said stock, royalties and income quieted as against the defendants in said action. The various defendants answered. We are not concerned with any of the defendants except the defendant Hilda Carling Ochsner, as administratrix of the estate of Washington H. Ochsner, deceased, and defendant Frances A. Ochsner, for the reason that while judgments were rendered against plaintiff and in favor of certain of the other defendants, the appeal herein only involves those judgments rendered in favor of said administratrix and said Frances A. Ochsner, respectively. The answer of these two defendants consisted of denials of the allegations of plaintiff's complaint as amended (which we shall hereafter refer to as plaintiff's complaint), affirmative defenses, and the statute of limitations, as contained in certain sections of the Code of Civil Procedure. Upon the calling of said action for trial, the attorney for the plaintiff made an opening statement as to the facts which the plaintiff was prepared to prove at said trial. At the close of said opening statement, counsel for the respondents herein moved the court for a nonsuit, and for judgment on the pleadings on the ground that it affirmatively appeared from said opening statement and on the face of plaintiff's complaint that plaintiff's alleged cause of action was barred by the statute of limitations, and particularly by sections 337, 338, 339 and 343 of the Code of Civil Procedure. After said motions were made, the plaintiff's counsel was asked by the court whether he desired to amplify his opening statement or make any further statement, or add to the statement of facts recited in his opening statement, to which inquiry, the attorney for plaintiff replied that he did not desire to make any further statement. The opening statement of plaintiff's counsel followed in the main the allegations of his complaint, and did not include or contain the statement of any material facts outside of the allegations of said complaint. The motions made by counsel for respondents after argument were granted and subsequently formal and separate

judgments were rendered dismissing said action as to the respondents based upon the orders granting said motions for nonsuit and judgment on the pleadings. From these judgments the plaintiff has appealed.

The principal contention of the appellant is that the first cause of action of his complaint set forth a partnership between himself and the deceased Ochsner and that the statute of limitations does not run against a partnership relation until the business of the copartnership is substantially closed. While this principle of law is properly applied to an action between partners, and in actions against a surviving or liquidating partner, we are not convinced that it has any application in an action by a surviving partner against one withholding from him the possession of partnership property, even though such person be the personal representative of the deceased partner. Upon the death of one partner the surviving member of the firm has the right to the possession of all of the partnership property with the corresponding duty to settle the affairs of the partnership and pay over to the executor or administrator of the deceased partner, any balance due the estate of his deceased partner. (Sec. 1585, Code Civ. Proc., now sec. 571 of the Prob. Code; *Perelli-Minetti* v. *Lawson*, 205 Cal. 642 [272 Pac. 573].) It necessarily follows from the provisions of this section of the code that the right of the surviving partner to the possession of the partnership property accrues at the death of his partner. The action being one for the recovery of possession of personal property would be an action of claim and delivery and not for an accounting. (*Fong Sing* v. *O'Dell*, 50 Cal. App. 55, 57 [194 Pac. 745].) In that case, which was instituted by the surviving partners against the estate of their deceased partner for the recovery of personal property, the court said, "The survivors herein, being entitled to the possession of the property of the partnership, it would, of course, follow that they would have a cause of action against the administrator of the estate of one of the deceased partners, who had taken possession for the estate of some of the property and refused to deliver it over to said survivors. Quite clearly, though, the action would be in claim and delivery and not in equity for an accounting." That case was cited with approval in the opinion rendered in *Swanson* v. *Siem*, 124 Cal. App. 519 [12 Pac. (2d) 1053], which was an action by the surviving part-

ner against the administratrix of the estate of the deceased partner for the possession of partnership property. In its decision the court said, "It is apparent from the pleadings this is a proper suit in replevin on the part of the surviving partner, under the provisions of section 1585 of the Code of Civil Procedure (sec. 571, Prob. Code), to regain and 'continue in possession of the partnership, and to settle its business'. (*Fong Sing* v. *O'Dell*, 50 Cal. App. 55 [194 Pac. 745] ; *Perelli-Minetti* v. *Lawson*, 205 Cal. 642, 651 [272 Pac. 573].) This action is essentially one of replevin. The demand for an accounting to determine what property actually belongs to the partnership assets does not change the nature of the proceedings. The requested accounting is merely incidental to the demand for possession of the property."

An action in replevin for the possession of personal property is barred within three years from the date of its accrual. (Sec. 338, Code Civ. Proc.) The present action as set forth in the first cause of action, being essentially one in replevin, was therefore barred by the provisions of section 338. of the Code of Civil Procedure. The opening statement of plaintiff's counsel recited no fact which would take the action out from under the bar of the statute. Respondents' motions based upon that ground were therefore properly granted. The fact that appellant sought to recover only his share of the partnership property, that is to say, one-fourth of the shares of stock and the profits therefrom, does not help appellant's position. If he ever had any right to said property or any part thereof, either as a surviving partner, or in his individual right, such right accrued to him at the death of his partner, and any right of action to recover such interest in said property would be barred by the statute three years from the date of its accrual. Appellant hangs his hope to maintain this action upon the claim that in his pleadings he asks for an accounting and that the statute of limitations does not begin to run against him until the business of the copartnership is substantially closed. We have shown, however, that the accounting is merely incidental to this right to the partnership property. It follows, therefore, if his right to recover the property itself is barred, any incidental right he might have in connection with the ownership of said property could not be maintained.

The authorities cited by appellant in support of his contention that the statute of limitations does not begin to run against a partnership relation until the business of the partnership is substantially closed have no application to the present action. These authorities involve proceedings either between living partners, or proceedings against surviving or liquidating partners, whose duty it was to settle the business of the copartnership and distribute the balance remaining in their hands to the parties entitled thereto. *Hendy* v. *March,* 75 Cal. 566 [17 Pac. 702], cited by appellant, was an action between partners wherein one asked for an accounting by the other. The question at issue was whether any partnership existed between the parties. The court held that there was a partnership and, therefore, an action for any accounting was not barred by the statute of limitations. *Gilmore* v. *Ham,* 142 N. Y. 1 [36 N. E. 826, 40 Am. St. Rep. 554], to which the appellant has asked us to give our special attention and consideration, was a suit by one partner against his copartner after dissolution of the partnership, the copartner acting as the liquidating partner. In that action the court held that the liquidating partner had a reasonable time after the dissolution of the partnership to settle the partnership affairs before he could be called to account by his partner. In other words, the retiring partner's right to an accounting did not accrue upon the dissolution of the partnership, but only after the liquidating partner had had a reasonable time in which to settle the affairs of the partnership, and accordingly the statute of limitations did not begin to run until this reasonable time had elapsed. It is manifest, we think, that the case of *Gilmore* v. *Ham,* has no application to the present action. In that case the liquidating partner had the right and duty to settle the affairs of the partnership and, of course, he could not be called to account until he had a reasonable time in which to perform that duty. In the present action the administratrix of the estate had neither the duty nor the right to settle the affairs of the partnership. (*Tompkins* v. *Weeks,* 26 Cal. 50, 51; *Cooley* v. *Miller & Lux,* 168 Cal. 120 [142 Pac. 83].) That right and duty lay solely with the appellant, and in the exercise of that duty he had the right to the possession of the partnership property immediately upon the death of his copartner and could sue and recover the same from the administratrix or any other person who refused to

deliver to him the possession of said property. While in an action against him the statute of limitations would not begin to run until he had substantially closed the business of the partnership, in an action by him to recover property of the partnership, the statute would begin to run immediately upon the accrual of his right to sue for the possession of the partnership property which was the date of the death of his co-partner. It has been expressly held by the court that no action in equity for an accounting will lie by the surviving partner against the administrator of the deceased partner, and that where the surviving partner seeks relief against such administrator, his remedy is to proceed under section 1585 of the Code of Civil Procedure, which section "gives to the surviving partner ample powers to take possession of the property of the partnership and wind up its affairs. It necessarily follows that he does not need the interposition of a court of equity to aid him in having that which he has ample authority to do himself." (*McKay* v. *Joy*, 70 Cal. 581 [11 Pac. 832].)

Even if we regard the administratrix of the estate a trustee as to partnership property of which she had come into possession, she was an involuntary trustee and appellant's right of action accrued immediately upon the property coming into her possession, and was barred by section 343 of the Code of Civil Procedure. (*Norton* v. *Bassett*, 154 Cal. 411 [97 Pac. 894, 29 Am. St. Rep. 162]; *Barritt* v. *Barritt*, 132 Cal. App. 538 [23 Pac. (2d) 54].)

In view of the foregoing principles of law there can be no question but that the facts stated by plaintiff's counsel in his opening statement in support of the allegation of plaintiff's first cause of action were not sufficient to show that appellant was entitled to any recovery against respondents or either of them. As to appellant's second cause of action wherein he seeks to quiet his title to personal property, it was also barred by section 338 of the Code of Civil Procedure. In the opening statement of counsel for appellant he stated no facts which would take either cause of action out of the bar of the statute. Respondents' motions for nonsuit, therefore, were properly granted. As substantially the same state of facts appear in the pleadings as were stated in the opening statement, the motions for judgment on the pleadings were also properly granted. These motions were also granted on the

ground of laches on the part of the appellant. In view of what we have said relative to the propriety of granting said motions upon the insufficiency of the facts appearing in either the opening statement or in the pleadings, it is unnecessary for us to pass upon the question of laches as a proper ground for the granting of said motions. In the foregoing discussion, we have assumed that the complaint sufficiently alleged the existence of a copartnership between appellant and Ochsner. We expressly refrain from passing upon the sufficiency of the complaint in that respect, nor do we wish to be understood in anything we have said in the course of this opinion as holding that any partnership ever existed between said parties. The questions are before us merely upon the pleadings and upon appellant's statement of facts which he expected to prove in support of his pleadings.

The contention of appellant that the court is without authority to grant a motion of nonsuit upon plaintiff's opening statement finds no support in the authorities. In fact, the authorities are to the contrary. (8 Cal. Jur. 550; *Bias* v. *Reed*, 169 Cal. 33 [145 Pac. 516]; *Estate of McNeil*, 155 Cal. 333 [100 Pac. 1086]; *Oscanyan* v. *Winchester Repeating Arms Co.*, 103 U. S. 261 [26 L. Ed. 539].)

After the plaintiff had filed his complaint herein, the respondents filed a general and special demurrer to said complaint. The demurrer came on for hearing in a department of said superior court before a judge of said court other than the court and judge before whom said action was set for trial. On the hearing the court overruled said demurrer. Appellant now contends that as another judge in another department of said court had overruled said demurrer and thereby sustained the validity of said complaint, the trial court was bound by the previous order and was without authority thereafter to grant a motion for judgment on the pleadings. This contention is without merit. (*De La Beckwith* v. *Superior Court*, 146 Cal. 496 [80 Pac. 717]; *Howe* v. *Board of Supervisors*, 118 Cal. App. 306 [5 Pac. (2d) 28].)

The court permitted respondents to amend their answers by setting up section 343 of the Code of Civil Procedure as a bar to plaintiff's cause of action. It is claimed by the appellant that it was an abuse of discretion on the part of the trial court to permit the answers to be amended by the pleading of the statute of limitations. Appellant cites

certain early cases which seem to support his position, but the more recent decisions of this and the District Courts of Appeal have laid down a contrary rule, which has been stated as follows: "It is, however, thoroughly settled that the granting or refusing of leave to amend an answer, where leave is required, is a matter committed to the sound discretion of the trial court. This is true of amendments for the purpose of setting up the statute of limitations, as well as other amendments." (*Trower* v. *San Francisco,* 157 Cal. 762, 769 [109 Pac. 617]; *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192, 197 [106 Pac. 715, 21 Ann. Cas. 1279]; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636 [250 Pac. 669, 48 A. L. R. 1308]; *St. Paul Title & Trust Co.* v. *Stensgaard,* 162 Cal. 178, 180 [121 Pac. 731, 39 L. R. A. (N. S.) 741]; *People* v. *Honey Lake Valley Irr. Dist.,* 77 Cal. App. 367, 374 [246 Pac. 819]; 16 Cal. Jur. 619.)

We find no error in the record justifying a reversal of the judgments herein. They are, and each of them is, therefore, affirmed.

Shenk, J., Langdon, J., Conrey, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.