[S. F. No. 9606. In Bank.—September 30, 1920.]

RINALDO PUCCINELLI, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] ELECTION LAW—CONTEST UNDER DIRECT PRIMARY LAW—LIMITATION OF JUDICIAL INQUIRY.—In a contest of a nomination of a candidate for a public office under the provisions of section 28 of the Direct Primary Law, matters of fraud and misconduct on the part of election officers and the reception of illegal votes cannot be inquired into, since the law provides only for "a recount of the ballots cast" in the precincts as to which a recount may be sought.

APPLICATION for a Writ of Mandate to compel a Superior Court to hear and receive certain evidence in a contest under the Primary Election law. Denied.

The facts are stated in the opinion of the court.

Leo R. Friedman, R. M. J. Armstrong and Jos. O'Rourke for Petitioner.

THE COURT.—Petitioner, a candidate at the primary election of August 30, 1920, for the Republican nomination for assemblyman from the 33d assembly district, instituted a contest of the nomination of one Badaracco as the Republican candidate for said office at said election, under the provisions of section 28 of the Primary Law. In addition to demanding a recount of all the Republican votes cast in the various precincts of said assembly district, he alleged many irregularities on the part of election officers in certain precincts, which he claims should cause the votes from the precincts to be excluded, and also that eight named persons, registered as voters in one of the precincts, were allowed to vote therein although they were not then residents therein, and that they voted for Badaracco. The contest is now on trial in the superior court of San Francisco before Judge Murasky. The Republican ballots have all been recounted by the court, such count showing a majority of 43 votes for Badaracco. Thereupon petitioner sought to introduce evidence to sustain his allegations of fraud and misconduct on the part of election officers and the reception of illegal votes. The contestee objected to the introduction of any such evidence on the ground that such matters may not be inquired into in a contest under the Direct Primary Law. The court sustained such objection. This is an application for mandate to compel the superior court to hear and receive such evidence as may be offered in support of his allegations of fraud and misconduct, and claim of illegal votes.

[1] Assuming but not deciding that mandate will lie in such a situation, we are nevertheless of the opinion that the position of the learned judge of the trial court is correct. Section 28 of the Direct Primary Law (Stats. 1913, p. 1409), the only provision of law relative to a contest of nomination,

is, to our minds, entirely plain in this regard. It provides only for "a recount of the ballots cast" in the precincts as to which a recount may be sought. This is as far, apparently, as the legislature saw fit to go in providing a judicial review of the returns of the election officers of a primary election, possibly deeming that in the brief time afforded for any review between the declaration of the result of the official canvass and the printing of the ballot for the general election, a more extended inquiry would be impracticable. In any event, we think it clear that they so limited the subject matter of the inquiry.

The application is denied.

All the Justices concurred.