[Civ. No. 7686.   Third Dist.   Sept. 2, 1949.]

PAUL A. HUNT, Petitioner, v. SUPERIOR COURT OF STANISLAUS COUNTY et al., Respondents.

Bush & Ackley for Petitioner.

Nathan B. McVay, F. M. Brack and A. M. Frad for Respondents.

ADAMS, P. J.—This is a petition for a writ of prohibition to arrest the Superior Court of Stanislaus County from proceeding with an irrigation district election contest.

The facts are that petitioner and one Joe Barnhill were rival candidates for the office of director of division three of the Oakdale Irrigation District. An election was held on February 2, 1949, and after the votes were counted the board of directors declared petitioner elected. A certificate of election was issued to him. On or about February 10th, said Joe Barnhill filed in said superior court a contest of the election and in his statement of contest, proceeding under section 8511 of the Elections Code, he alleged: ". . . that the greater number of legal votes and ballots cast at said election were for contestant herein, and that at said election contestant received a plurality of the total of legal votes cast for the candidates for said office; that a number of illegal ballots were cast at said election for defendant [Hunt], which said illegal ballots, if taken from him, will reduce the number of his legal votes below the number of legal votes which were given to contestant [Barnhill] for the same. office."

Petitioner demurred to the statement of contest and charged: "(1) That the Court has no jurisdiction of the contest filed by said contestant; and (2) that the contestant has not legal capacity to contest said election by the proceeding taken; for the following reasons: That said Statement of Contest is filed in the above entitled Court under the provisions of Division X, Chapter 2, of the Elections Code . . . entitled 'Election Contests'. That no contest of an election for Director of an Irrigation District . . . is authorized by said Division, or any other provisions of said Elections Code. That the manner of contesting the election . . . is set forth in Section 21706 of the Water Code . . .; that the statement of contest on file fails to show compliance with said section, and in fact no such compliance was ever made."

On March 28th, the trial court overruled the demurrer and it is alleged in the petition and not denied by respondents that unless restrained by order of this court, the trial court will proceed to try and decide the contest.

It is petitioner's contention that the Elections Code provisions have no application to election contests in irrigation districts and that the contest here involved is controlled by section 21706 of the Water Code which reads: "If any voter by affidavit filed with the board shows facts sufficient reason-

ably to justify the belief that the vote of any precinct has not been correctly counted to the extent that a recount would change the result of the election, he may appear on the day appointed for the board to open and canvass the returns and demand a recount of the vote of the precinct that is claimed to have been incorrectly counted."

Respondents rely upon section 8511 of the Elections Code enacted in 1939, which, in material part reads: "Any elector of a county, city, or of any political subdivision of either, may contest any election held therein, for any of the following causes: . . . (d) That illegal votes were cast."

■ The question for determination is whether this contest may be prosecuted under said section 8511 or whether contestant is limited to the procedure prescribed by section 21706 of the Water Code.

An irrigation district is not a county or a city; and this court, in *Huck* v. *Rathjen,* 66 Cal.App. 84, 85 [225 P. 33], said that, "an irrigation district is not a political subdivision at all." In that case an election contest was instituted under the provisions of section 1111 of the Code of Civil Procedure to determine whether the plaintiff or the defendant was elected to the office of director of an irrigation district. At that time section 1111 read in material part: "Any elector of a county, city and county, city, or of any political subdivision of either, may contest the right of any person declared elected to an office to be exercised therein." In that decision we held: ". . . it clearly appears that an irrigation district is not a political subdivision of a county and that a contest of the right of a person declared elected to the office of director thereof is not authorized by the provisions of section 1111." In other words, it was held that a contest for the office of director of an irrigation district was not authorized by the general election laws.

Respondents argue that section 8511 of the Elections Code has broadened the scope of the statute so as to authorize a contest of an election to the office of director of an irrigation district thereunder. With that argument we cannot agree. Section 8511 relates to elections held in a county, city, or any political subdivision of either, and confines its provisions to contests of "any election *held therein.*" Since an election in an irrigation district is not held in "a county, city, or any political subdivision of either," we are unable to perceive that there has been such a change in section 1111 of the Code of Civil Procedure as it existed when we decided *Huck* v.

*Rathjen, supra,* as to enable us to say that that decision is not presently applicable. No change in the law has been made that renders it inapplicable; and we are impelled to hold that it controls and that the writ prayed for should be issued.

Section 21706 of the Water Code above quoted provides for a recount of ballots cast in an irrigation district election, and that is as far as the Legislature saw fit to go; and under the authority of *Puccinelli* v. *Superior Court,* 183 Cal. 775, 777 [192 P. 707], the inquiry is limited to a recount. Furthermore, *Huck* v. *Rathjen, supra,* was decided in 1924, while said section 8511 was not put into the Elections Code until 1939; and it contains no substantial change from the provisions of section 1111 of the Code of Civil Procedure.

The Legislature was presumed to be familiar with the construction put on said section 1111 in *Huck* v. *Rathjen, supra,* and if it had intended to broaden its scope by section 8511 so as to include election contests in irrigation districts, it would have so stated. The rule set forth in 23 California Jurisprudence, section 173, page 795, is: "It is a familiar rule that where a statute which has been judicially construed is re-enacted in the same or substantially the same terms, the legislature is presumed to be familiar with its construction and to have adopted it as part of the law, unless a different construction is expressly required." See, also, *Estate of Escolle,* 134 Cal.App. 473, 476 [25 P.2d 860], in which the above text from California Jurisprudence was cited with approval; and *McCarthy* v. *Superior Court,* 64 Cal.App.2d 468, 471 [149 P.2d 55], which cited the Escolle case. In *Bertozzi* v. *Swisher,* 27 Cal.App.2d 739, 744 [81 P.2d 1016], the court said: ". . . on neither of those subsequent occasions did the legislature attempt to make any material change in the wording of that portion now constituting section 690.7. Therefore, its omission to make any material alteration therein may safely be taken as a confirmation by the legislature of the judicial construction theretofore placed on said provisions by the early decisions, and as proof that it had no intention of widening the scope thereof. . . ." This court, in *Childs* v. *Gross,* 41 Cal.App.2d 680, 688 [107 P.2d 424] (hearing in *Supreme Court* denied), quoted 59 Corpus Juris, section 493, page 894, as follows: "No rule of statutory construction rests upon better reasoning than that, in the revision of statutes, alteration of phraseology, the omission or addition of words, will not necessarily change the operation or construction of former statutes. The language of the statute as

revised, or the legislative intent to change the former statute, must be clear before it can be pronounced that there is a change of such statute in construction and operation.''

It is ordered that a writ issue prohibiting the Superior Court of Stanislaus County from proceeding further in said election contest.

Peek, J., and Thompson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 31, 1949. Traynor, J., and Schauer, J., voted for a hearing.