[Civ. No. 7772. Third Dist. June 23, 1950.]

FRANK COSTA, Appellant, v. BERT BANTA, Respondent.

Alfred Nelson for Appellant.

Willens & Boscoe and Maxwell M. Willens for Respondent.

ADAMS, P. J.—On February 2, 1949, an election was held for the selection of directors of the West Side Irrigation District. Appellant Costa and respondent Banta were candidates for election in Division 3 of such district. It was concluded by the election officials that Costa and Banta had each received 39 votes. Thereafter the board of directors of the district, upon demand by Costa, recounted the votes and it concluded also that each candidate had received 39 votes. Costa then filed an election contest in the Superior Court of San Joaquin County, alleging that three ballots which had been rejected by the election officials and by the board of directors should have been counted for him, and that certain ballots counted for Banta should have been rejected. The trial court heard the contest and found that the vote was still a tie. From the judgment of that court this appeal was taken.

Respondent attacks the jurisdiction of the trial court to hear such an election contest, relying upon the decision of this court in *Hunt* v. *Superior Court*, 93 Cal.App.2d 504 [209 P.2d 411], decided September 2, 1949, after the trial of the

instant case and the rendition of judgment therein on June 21, 1949.

In the Hunt case it was decided that elections in irrigation districts are governed by the provisions of the Water Code (§§ 21705-21713) and not by the provisions of the Elections Code, and that as no provision is made in the Water Code for election contests in the superior courts, the superior court had no jurisdiction to try the contest therein instituted. It follows therefrom that in the case before us the superior court was without jurisdiction to try the contest instituted by appellant Costa.

Although the jurisdiction of that court was not questioned during the trial, it is well established that questions of jurisdiction are never waived and may be raised for the first time on appeal. (*Hallock* v. *Jaudin*, 34 Cal. 167, 173; *Emery* v. *Pacific Employers Ins. Co.*, 8 Cal.2d 663, 665-666 [67 P.2d 1046]; *Norager* v. *Mountain States L. Ins. Co.*, 10 Cal.App.2d 188, 192 [51 P.2d 443]; *Schwartz, Inc.* v. *Burnett Pharmacy*, 112 Cal.App.Supp. 781, 784-785 [295 P. 508]; *Penaat* v. *Guasco*, 84 Cal.App.2d 445, 453 [191 P.2d 564]; *Berryman* v. *Quinlan*, 29 Cal.App.2d 608, 613 [85 P.2d 202].)

Appellant urges with great earnestness that the decision in the Hunt case was wrong, and that we should overrule it. However, our decision in that case was arrived at only after careful consideration, and we are not convinced that the conclusion reached was wrong.

It follows therefrom that in this case the superior court was without jurisdiction to try the issues presented, and, accordingly, that this court has no jurisdiction of the appeal from its judgment.

The appeal is dismissed.

Peek, J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1950.