[Civ. No. 8031. Third Dist. Aug. 3, 1951.]

CASTLE RURAL COUNTY FIRE PROTECTION DISTRICT (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

Blewett, Blewett & Macey for Petitioners.

Parkinson, Nichols & May for Respondent.

ADAMS, P. J.—This is a petition for a writ of prohibition directing the Superior Court of San Joaquin County to desist from proceeding to try an election contest instituted by respondent William F. Garden against the district and L. J. Evans. The petitioners allege that on January 19, 1951, an election was held to determine whether the petitioning district should be formed,. and to elect directors of same; that on January 29, 1951, the board of supervisors declared the district duly formed and Evans elected a director of division 1 thereof; that on March 5, 1941, William F. Garden, who was a candidate for director of division 1, filed a contest in the Superior Court of San Joaquin County charging misconduct in the election and the receipt of illegal votes in favor of the formation of the district and in favor of Evans as director, which illegal votes, if taken away, would result in a majority of votes against the formation of the district and reduce the votes for Evans below the number cast for Garden.

Petitioners assert that a contest of a fire protection district election is not provided for by statute in this state, that the right to contest an election is dependent upon statute, and that the superior court has no jurisdiction to hear such a contest when not provided for by statute.

In opposition to the petition, Garden asserts that the. "sole question involved here is whether the Superior Court has any jurisdiction whatever to pass upon the validity of an election of director of a fire protection district under the code sections which have been invoked in calling this election"; and he contends in his brief, that, conceding that there is no specific statutory provision for a contest such as he has filed, nevertheless such a contest will lie, first, because the statute under which the election is held adopts the general election law by reference, and second, because of the general equity powers of the court. In his argument before us, however, the attorney for contestant conceded that the general election law is not applicable, but he urged that the court has jurisdiction under its general equity powers, asserting that same may be invoked where no provision is made by statute for a contest.

The matters which the petition states were sought by Garden to have considered in his contest are: " . . . that the precinct board in Precinct No. 1 was guilty of malconduct in the con-

duct of the election in said Precinct and that illegal votes cast in the said Precinct in favor of the formation of the District and in favor of L. J. Evans as Director, which if taken from the votes in favor of the District and in favor of said candidate as Director would have resulted in a majority vote against the formation of the District and would have reduced the number of legal votes for L. J. Evans beyond the number of legal votes given to contestant.''

Garden's opposition charges, in addition to the grounds as above recited, that his contest sets forth:

''(1) That the name of William F. Garden, though well-known to the election officials, was placed upon the ballot as 'William F. Gardener,' a name by which he was not known.

''(2) That the election board throughout the day knowingly permitted persons to stand at the gate constituting the only entrance to the polling place and no more than twenty feet from the polls, and to pass out to incoming voters slips of paper reading, 'Vote for L. J. Evans, director.'

''(3) That L. J. Evans himself acted as clerk of the election board and was present throughout the voting.

''(4) That Bertha B. McIntosh who had previously been active in circulating petitions favoring the formation of the district, and who was then acting as inspector at the precinct introduced voters to L. J. Evans in the polling place itself and suggested that they vote for him.''

The sole question for our determination is whether the superior court has jurisdiction to hear the contest. It is conceded that the Health and Safety Code provides for the formation of such districts and for an election to be held to determine whether the electors want the district, and for the election of directors (Health & Saf. Code, §§ 14610-14640); but there is no provision in that code for a contest of such an election or even a recount of the votes cast.

Petitioners rely upon three decisions of this court, viz.: *Huck v. Rathjen,* 66 Cal.App. 84 [225 P. 33], *Hunt v. Superior Court,* 93 Cal.App.2d 504 [209 P.2d 411], and *Costa v. Banta,* 98 Cal.App.2d 181 [219 P.2d 478]. In the Hunt and Costa cases hearing in the Supreme Court was denied. The Costa case was a purported contest by a defeated candidate for director of an irrigation district. On the question whether the court had jurisdiction to hear or entertain the contest, this court said at page 182: ''In the Hunt case it was decided that elections in irrigation districts are governed by the provisions of the Water Code (§§ 21705-21713) and not by the

provisions of the Elections Code, and that as no provision is made in the Water Code for election contests in the superior courts, the superior court had no jurisdiction to try the contest therein instituted. It follows therefrom that in the case before us the superior court was without jurisdiction to try the contest instituted by appellant Costa."

In the Huck case it was said at page 86: " . . . it clearly appears that an irrigation district is not a political subdivision of a county and that a contest of the right of a person declared elected to the office of director thereof is not authorized by the provisions of section 1111."

The Hunt case was based on facts similar to those which formed the basis for the Huck case, and it followed that decision.

In *Puccinelli* v. *Superior Court*, 183 Cal. 775 [192 P. 707], which was an election contest brought by a defeated candidate for the assembly in a primary election, charges of misconduct of the election officers were made which are comparable to those alleged by Gardner in the contest here. The court there said, at pages 776-777: " . . . Thereupon petitioner sought to introduce evidence to sustain his allegations of fraud and misconduct on the part of election officers and the reception of illegal votes. The contestee objected to the introduction of any such evidence on the ground that such matters may not be inquired into in a contest under the Direct Primary Law. The court sustained such objection. This is an application for mandate to compel the superior court to hear and receive such evidence as may be offered in support of his allegations of fraud and misconduct, and claim of illegal votes.

"Assuming but not deciding that mandate will lie in such a situation, we are nevertheless of the opinion that the position of the learned judge of the trial court is correct. Section 28 of the Direct Primary Law (Stats. 1913, p. 1409), the only provision of law relative to a contest of nomination, is, to our minds, entirely plain in this regard. It provides only for 'a recount of the ballots cast' in the precincts as to which a recount may be sought. This is as far, apparently, as the legislature saw fit to go in providing a judicial review of the returns of the election officers of a primary election, possibly deeming that in the brief time afforded for any review between the declaration of the result of the official canvass and the printing of the ballot for the general election, a more extended inquiry would be impracticable. In any event, we think it clear that they so limited the subject matter of the inquiry."

In *Howe* v. *Board of Supervisors,* 118 Cal.App. 306 [5 P.2d 28], the action was brought by a recall candidate for supervisor. The recall had failed. Howe alleged error in the count and misconduct on the part of election officials. Demurrer to the complaint was sustained and the action dismissed. At page 312 the court said: " . . . The right to contest an election is purely statutory and must be determined in accordance with the provisions of the statute. (*Powers* v. *Hitchcock,* 129 Cal. 325 [61 P. 1076]; *Austin* v. *Dick,* 100 Cal. 199, 201 [34 P. 655].) The code provisions (Code Civ. Proc., pt. III, tit. II) relating to the contesting of certain elections are not applicable to a contest of the character which is here attempted.

"It follows therefore that the court's order sustaining respondent's demurrer without leave to amend was proper and the judgment of dismissal as to respondent is affirmed."

Respondent Garden relies upon the decisions in *Cerini* v. *De Long,* 7 Cal.App. 398 [94 P. 582], *Gibson* v. *Board of Supervisors,* 80 Cal. 359 [22 P. 225], and *Roche* v. *Superior Court,* 30 Cal.App. 255 [157 P. 830], asserting that they hold that where no specific *procedure* for review by the courts is provided by statute, any suitable procedure may be adopted, and that the courts have jurisdiction to hear such contest because of their general equity powers. In short, his contention seems to be that though, where statutory power to contest an election is limited and under the authority of the cases relied upon by the petitioners courts have no jurisdiction to entertain election contests except in so far as statutory limitations allow, nevertheless, where the Legislature has made no provision whatsoever for contests the courts have apparently unlimited power to entertain such contests in their capacity as courts of equity.

We do not concur in such reasoning. If it were sound, then where the Legislature has by statute given to courts limited powers to hear contests it would seem to follow that such courts could, nevertheless, entertain contests unimpeded by the limitations provided by the Legislature. Conceding that courts of equity may entertain a contest based upon equitable grounds such as fraud, no such grounds are relied upon by Garden in his contest. The alleged grounds are no more than violations of the general election laws.

We are satisfied that the trial court has no jurisdiction to hear Garden's contest, and that the writ prayed for should issue. It is so ordered.

Peek, J., and Van Dyke, J., concurred.