[Civ. No. 16821.   First Dist., Div. One.   Aug. 20, 1956.]

LOUIS PETE, JR., Appellant, v. STATE BOARD OF EDUCATION et al., Respondents.

Louis Pete, Jr., in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Richard H. Perry, Deputy Attorney General, and Irving G. Breyer for Respondents.

AGEE, J. pro tem.*—On November 29, 1954, petitioner filed his petition for a writ of mandate in the Superior Court of the State of California in and for the City and County of San Francisco. He appears *in propria persona*. The principal respondents are the State Board of Education, the Commission of Credentials, the State Personnel Board, and the Qualification Appraisal Board of the State Personnel Board. All respondents jointly interposed a general demurrer, which was sustained without leave to amend. Petitioner appeals from the judgment thereupon entered against him and the order denying him a new trial. Such order is not appealable and the attempted appeal therefrom is dismissed.

The lower court also entered a separate judgment against petitioner upon the issues as raised by the respondents' return to the alternative writ theretofore issued and their answer to the petition. The petitioner's notice of appeal states that he appeals ''from the judgment,'' without specifying which judgment. We are treating petitioner's notice of appeal as including both judgments. However, inasmuch as we must take all of the allegations of the petition as being true in considering the judgment entered upon the order sustaining the demurrer without leave to amend, we will consider the appeal in the light of this judgment. This manner of consideration is favorable to the petitioner, since there is nothing in the return and answer or the judgment entered thereon which would aid or assist petitioner's cause.

The petition prays for a peremptory writ of mandate ordering the State Board of Education and the Commission of

---

*Assigned by Chairman of Judicial Council.

Credentials to issue to him certain teaching credentials, namely, general secondary, general elementary and school administrator's, and, "upon issuance of the same," that certain further actions be ordered to be taken by various respondents. This additional relief prayed for by petitioner is dependent upon whether any of these credentials should be ordered to be issued. Our decision herein that the peremptory writ was properly denied makes it unnecessary to discuss the propriety of such additional relief.

It appears from the allegations of the petition that, before coming to California, petitioner had had five years of teaching experience in the State of Arizona, which state had issued to him the three types of credentials heretofore mentioned. In 1947, petitioner applied to and obtained from respondent Commission of Credentials, a general secondary credential. On May 26, 1948, petitioner renewed this credential. (Cal. Admin. Code, tit. 5, § 202.) The renewal period expired November 30, 1949. In May or June, 1949, petitioner applied to the Commission of Credentials for a further renewal of this credential; at the same time, he applied for the issuance of a general elementary credential, a junior high school credential and a school administrator's credential. The commission refused all of these applications on the ground that the petitioner had been dishonorably discharged from the military service of the United States on April 11, 1946. On January 18, 1950, the commission wrote a letter to petitioner and stated the reason for its action, as follows: "In considering your case, the Commission of Credentials is of the opinion that it cannot accept your application for renewal of a credential as long as you have a dishonorable discharge from the United States Army. In your application you stated you expected to have your status clarified. As soon as this occurs the Commission will be glad to reconsider your application." Petitioner did nothing about the action taken by the Commission of Credentials until April or May, 1954, when he wrote a letter to the commission requesting the renewal of the general secondary credential and the issuance of a general elementary credential. This request was denied in a letter dated May 12, 1954, which stated that he should have appealed from the action taken by the Commission of Credentials in 1949.

Up to this point, we have discussed only the petitioner's dealings with the Commission of Credentials. This commission is provided for by statute (Ed. Code, § 12030) and its

duties relating to certification are such as are assigned to it by the State Board of Education. Title 5, California Administrative Code, section 204, provides: "Any applicant for a credential, renewal of a credential, or life diploma who is dissatisfied with the action taken on the application by the Commission of Credentials may appeal to the State Board of Education in the manner provided by Education Code, Section 12044." No such appeal, except the one hereinafter mentioned, was ever undertaken by petitioner. ▆ The rule is well settled that, "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].)

▆ Petitioner's excuse for not pursuing his administrative remedies is alleged to be that all persons in authority with whom he came in contact in connection with these matters represented to him that his dishonorable discharge was a complete bar to the obtaining of any type of teaching credential and that he relied upon said representations and, therefore, did nothing. His argument is that the state agencies involved herein are estopped to claim that he should exhaust his administrative remedies before applying to the courts because to do so would be an idle act, in view of their announced position in regard to his dishonorable discharge. (This same argument was declared to be without merit in the Abelleira case, *supra*, p. 300 et seq.) He alleges that the refusal to issue or renew credentials to him was purportedly based upon section 12106 of the Education Code, which provides in part as follows: "The State Board of Education may deny any application for the issuance of a credential or a life diploma or for the renewal of a credential made by any applicant who: . . . (e) Has committed any act involving moral turpitude."

Regardless of the position taken by the Commission of Credentials, the petitioner conclusively demonstrates in his own petition that he knew, by the year 1953, that the Board of Education would not deny him a credential because of his dishonorable discharge. He alleges that, in 1953, he applied for and was refused a junior high school credential by the Commission of Credentials. *He thereupon appealed* to the State Board of Education and it held that his military discharge did not involve facts constituting moral turpitude and *he was thereupon issued a junior high school certificate.* Certainly, he then knew that he would not thereafter be denied

a credential on the ground previously stated. His successful appeal also prevents him from saying that he does not know of his right to appeal to the State Board of Education from any action of the Commission of Credentials which is adverse to him.

Petitioner likewise complains of his failure to pass in two examinations conducted by the State Personnel Board, which he took in May, 1953, for the position of high school teacher. He alleges that the Qualification Appraisal Board wrongfully based its failure to pass him upon his dishonorable discharge, which, he contends, was not a valid reason for not passing him.

Again we are faced with a failure by petitioner to exhaust his administrative remedies. Title 2, California Administrative Code, section 202, provides the right of appeal to the State Personnel Board after an applicant has been disqualified by a Qualification Appraisal Board.

For the foregoing reasons, we conclude that petitioner did not state a cause of action in his petition against them or any of the respondents. The judgment entered upon the sustaining of the demurrer without leave to amend is affirmed. The judgment entered upon the return and answer of respondents is likewise affirmed upon the same ground.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 17, 1956.