[Civ. No. 31.   Fifth Dist.   Nov. 22, 1961.]

JOHN A. MUIR, Plaintiff and Appellant, v. VINCENT W. STEINBERG, Defendant and Respondent.

Noel C. Stevenson and John R. Gramont, Jr., for Plaintiff and Appellant.

Gordon A. Drescher and William B. Boone for Defendant and Respondent.

CONLEY, P. J.—An election was held on February 7, 1961, in the Shafter-Wasco Irrigation District in Kern County for the office of assessor-collector-treasurer of the district. The name of Vincent W. Steinberg appeared on the ballot; John A. Muir was an avowed write-in candidate for the office. The returns were tabulated, and the results certified to the board of directors of the district; the official canvass and certification of the result by the board of directors on February 14, 1961, showed that Steinberg received 268 votes, and Muir 266 votes, and Steinberg was declared elected.

At the time of the election and of the contest hereinafter referred to, section 21706 of the Water Code read as follows:

"If any voter by affidavit filed with the board shows facts sufficient reasonably to justify the belief that the vote of any precinct has not been correctly counted to the extent that a recount would change the result of the election, he may appear on the day appointed for the board to open and canvass the returns and demand a recount of the vote of the precinct that is claimed to have been incorrectly counted."

Neither the contestant nor any other voter appeared before the board of directors to demand a recount of the vote. Prior to the enactment of section 21735 of the Water Code the only recourse of any voter or contestant to secure relief from a miscount of votes, or any other irregularity in the election, was provided by said section. (*Hunt* v. *Superior Court,* 93 Cal. App.2d 504 [209 P.2d 411]; *Costa* v. *Banta,* 98 Cal.App.2d 181 [219 P.2d 478]. See also *Puccinelli* v. *Superior Court,* 183 Cal. 775 [192 P. 707].)

In 1955 the Legislature enacted section 21735 of the Water Code which reads as follows: "Elections for the offices of director, assessor, collector, or treasurer may be contested by any voter of the district as nearly as practicable in the manner provided in Chapter 2 of Division 10 of the Elections Code. The provisions of this section shall not apply to districts containing 500,000 acres or more."

On March 3, 1961, John A. Muir filed in the office of the County Clerk of Kern County a "Statement of Contest of Election and Petition for Recount," alleging that:

". . . more votes were cast for contestant than were cast for contestee but that the Election Board wrongfully refused or failed to count or to permit the counting of all of the votes cast for contestant and on February 14th, 1961, the election of contestee to said office was announced. That by reason of said mistake, error or misconduct of said Election Board occurring in the counting of ballots cast in the precinct or division hereinafter set forth, said ballots were so incorrectly counted so as to change the results of said election. That save and except for such a mistake, error or misconduct, contestant herein would have been declared elected to the office of Assessor-Collector-Treasurer of the Shafter-Wasco Irrigation District, County of Kern, State of California."

The petition further alleges that the contest is filed under section 8511, subdivision (e) of the Elections Code of the

State of California (said code section having been contained within chapter 2 of division 10 of the Elections Code).*

The contestee, Steinberg, denied the basic allegations of the petition and set up two separate defenses: (1) alleging that the court had no jurisdiction to proceed ". . . for the reason that section 21706 of the Water Code of the State of California sets forth the procedure for a recount in an irrigation district election; that plaintiff failed to follow said procedure by failing to demand a recount"; and (2) alleging that the contestee received the highest number of votes cast for any candidate, that the board of directors of the district canvassed the votes and certified the results, and that at said time no demand was made for a recount ". . . for any reason whatsoever; . . ." It is further alleged in the answer that contestant failed to comply with the provisions of the Water Code by not demanding the recount by the board of directors.

The cause came on for hearing on March 30, 1961. At the outset the contestee moved for a dismissal on the ground that the court did not have jurisdiction; this motion was denied without prejudice, and the recount was held. It showed that Muir received 267 legal votes, and Steinberg only 265, but the court dismissed the proceeding for lack of jurisdiction, being of the view, as developed in its memorandum opinion, that the enactment of section 21735 of the Water Code did not repeal expressly or by implication section 21706 of the Code, and that the latter section afforded the only remedy to correct any mistake in counting the votes. The trial court said in its memorandum:

"The thing to do is to try to carry out the intent of the legislature and it seems to me there might have been the intention to still have the simple recount heard before the directors and any other sort of a contest in the Superior Court, assuming that Section 21,735 is constitutional."

Contestant maintains, and contestee concedes, as it seems to the court correctly, that the enactment of section 21735 did not by implication repeal section 21706 of the Water Code. The principal question to be decided, therefore, is whether the two remedies given to any voter, including contestant, exist contemporaneously so that either remedy may be pursued independently, or whether, as the trial court seemed to believe,

---

*It should be noted that the 1961 Legislature made an extensive recasting of the Elections Code and that consequently the code sections as cited throughout the opinion carry the numbers which prevailed at the time of the election and contest here in question.

the provisions of section 21706 afford an exclusive remedy for a miscount of the votes, or alternatively, whether the making of a demand for a recount at the time of the canvass by the board of directors is a condition precedent to filing a court contest.

To start with, it would seem clear, in view of the previous holding in the cases of *Hunt* v. *Superior Court, supra,* 93 Cal.App.2d 504 [209 P.2d 411] and *Costa* v. *Banta, supra,* 98 Cal.App.2d 181 [219 P.2d 478], that the Legislature in enacting section 21735 intended to create a right on the part of a contestant, or, in fact, of any voter, to file in the appropriate court an election contest. The section by its terms provides that the contest may be carried on under the provisions of chapter 2 of division 10 of the Elections Code, which covers contests at general elections (Elec. Code, §§ 8510-8576 as they then existed). Section 8511 of the Elections Code provided as follows:

"Any elector of a county, city, or of any political subdivision of either, may contest any election held therein, for any of the following causes:

. . . . . . . . . . . . . .

"(e) That the precinct board in conducting the election or in canvassing the returns, made errors sufficient to change the result of the election as to any person who has been declared elected."

The necessary contents of the pleading filed by a contestant were specified in section 8530 of the Elections Code, and they have been complied with by the contestant. Provisions for the hearing of the contest were contained in sections 8550 to 8558 of the Elections Code, and it is not contended that these sections have not been followed.

It is nowhere specifically stated in the code sections involved that a contestant, or any elector, must first resort to a demand for a recount before the board of directors of the district as a condition precedent to filing a contest in the courts, and section 8511, subdivision (e), of the Elections Code seemed positive and explicit that the subject matter of the legal proceeding shall include any error of the precinct board in either conducting the election or in canvassing the returns, with respect to the vote count.

It should be noted that the sections of the Elections Code with respect to canvassing the returns of a general election and for a recount by an election board (Elec. Code, §§ 7960-8030) provided, among other things, that such ". . . board may

order that the ballots voted in a precinct shall be publicly recounted, or the person authorized to canvass the returns may order that the ballots voted in a precinct shall be publicly recounted . . ." (Elec. Code, § 8001) under certain specified conditions, including the proviso that [subd. (c)] "No election contest is pending wherein a recount of the ballots in that precinct has been or will be ordered." The two sections of the Water Code here in question contain no such provision. Section 8001 of the Elections Code was not included in chapter 2 of division 10 of the Elections Code.

Counsel for respondent suggests that there should be applied to this case the well-known rule of exhaustion of administrative remedies, which is referred to in 2 California Jurisprudence 2d, Administrative Law, section 184, page 304, as follows: "The exhaustion doctrine is simply that judicial relief against administrative adjudication is not granted until the party seeking such relief has exhausted all available means of redress at the hands of the administrative authorities themselves."

It is a novel but incorrect contention that the rules of administrative law apply to the machinery of elections. But even if we should attempt to apply the rule, we would conclude at once that the two remedies provided by the code are alternative and not interdependent. *City of Susanville* v. *Lee C. Hess Co.,* 45 Cal.2d 684, 689 [290 P.2d 520] holds as follows:

" 'It is, of course, well settled that where an administrative remedy is provided by statute relief must be sought from the administrative body and the remedy exhausted before the courts will act; and that a court violating the rule acts in excess of jurisdiction. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) It is equally well settled that where a statute provides an administrative remedy and also provides an alternative judicial remedy the rule requiring exhaustion of the administrative remedy has no application if the person aggrieved and having both remedies afforded him by the same statute, elects to use the judicial one. (*Scripps Memorial Hospital, Inc.* v. *California Emp. Com.,* 24 Cal.2d 669, 673 [151 P.2d 109, 155 A.L.R. 360].)' "

Contestee contends that section 21735 of the Water Code is unconstitutional in that it is not reasonably definite and certain in its terms by reason of the inclusion of the phrase "as nearly as practicable" in its reference to the incor-

poration of the provisions of chapter 2 of division 10 of the Elections Code. (45 Cal.Jur.2d, Statutes, § 37, p. 560; 82 C.J.S., Statutes, § 68, p. 108; 50 Am.Jur., Statutes, § 472, p. 484.) If this contention were correct, it would follow that numerous sections of our codes would be subject to the same objection; a reference to the Water Code alone shows repeatedly the incorporation of the same or a similar phrase: sections 185, 21932, 21556 and 21683, "as nearly as practicable"; section 187, "to the fullest extent possible"; sections 1300, 1605, 2526, 2625, 2700, 2750, 2851, 6263, 6354, 6362, "as soon as practicable"; section 2764, "as nearly as may be in accordance with"; section 7026, "as nearly as possible . . . as nearly as practicable"; section 12622, "to the extent deemed practicable"; section 13003, "to the fullest extent practicable"; section 20822, "as may be practicable"; sections 21583, 21585, 21586, 21605, 21607, "as nearly . . . as may be practicable"; section 21650.5, "insofar as they are practicable." The phrase is obviously a term of art adopted by the Legislature for the purpose of eliminating a tremendous mass of detail which would enormously proliferate statutory contents. Reasonable certainty is all that is required, and mathematical exactness is not demanded (45 Cal.Jur.2d, Statutes, § 37, pp. 560-562). Furthermore, a reference to division 10, chapter 2, of the Elections Code shows that it did not contain any code section which it is impracticable to apply to contests of irrigation district elections.

We hold that the two sections of the Water Code afford independent remedies, and that section 21735 is not unconstitutional.

There remains to be considered the question whether there was any error in the rulings of the trial court with respect to the vote count. The court held that four votes credited to Steinberg in the canvass were illegal and should be disallowed because of the use of a pencil mark by the voter rather than the official rubber "X," and that votes for Muir were legal and proper even though the voter wrote in the name "Jack Muir," or "John Muir," or "John M. Muier," or "Muir" rather than "John A. Muir" and though some of them had a penciled "X" after the name so written. The trial court's rulings were correct.

■ Section 5710 of the Elections Code, in effect at the time of the election, specifically provided that in voting for a person whose name appeared on the ballot the voter must stamp an "X" with the stamp provided in the voting square

after the name of the candidate. This requirement is not satisfied by the use of a pencil mark after a name printed on the ballot. (*Morrison* v. *White*, 10 Cal.App.2d 266 [52 P.2d 263]; *Sweetser* v. *Pacheco*, 172 Cal. 137 [155 P. 639]; *Lester* v. *Fairbairn*, 32 Cal.App.2d 411 [89 P.2d 1091].)

On the other hand, when a name not printed on the ballot was written in, a penciled "X" placed after the name did not invalidate the ballot. (Elec. Code, § 7053; *Turner* v. *Wilson*, 171 Cal. 600 [154 P. 2].)

If the intention of the voter with respect to voting for a write-in candidate is clearly expressed, the name written in need not be completely accurate in form, and the trial court has the right to take into consideration, in ascertaining the intention of the voter, the fact that the write-in candidate is an avowed aspirant for the office. (*Fitzsimmons* v. *Wilks*, 25 Cal.App. 56 [142 P. 892]; 16 Ops.Cal.Atty.Gen. 120, 122.)

Thus, the court correctly eliminated the four votes for Steinberg and properly allowed the votes for Muir. Under the court's findings, Muir defeated Steinberg by a legal count of 267 votes to 265, and he should be declared elected. *Vox populi, vox Dei!*

Accordingly, it is ordered that the judgment be, and it hereby is, reversed with directions to the trial court to enter a judgment annulling and setting aside the declared election of Vincent W. Steinberg and determining that John A. Muir was elected to the office.

Brown, J., and Stone, J., concurred.

A petition for a rehearing was denied December 21, 1961, and respondent's petition for a hearing by the Supreme Court was denied January 17, 1962.