[L.A. No. 30060. In Bank. Feb. 7, 1973.]

RALPH'S CHRYSLER-PLYMOUTH, Plaintiff and Respondent, v.
NEW CAR DEALERS POLICY AND APPEALS BOARD,
Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Mark Leicester and Mark A. Levin, Deputy Attorneys General, for Defendant and Appellant.

Linder, Schurmer, Drane & Bullis and Scott Schurmer for Plaintiff and Respondent.

## OPINION

**THE COURT.**—New Car Dealers Policy and Appeals Board appeals from a judgment awarding costs to Ralph's Chrysler-Plymouth (hereinafter referred to as Ralph's) for preparation of the record accompanying a petition for a writ of mandamus.

An accusation against Ralph's, the subject of which is not here material, was filed with the Department of Motor Vehicles and a hearing was held

before a hearing officer to determine the merits of the accusation. The officer's proposed decision was adopted by the department.

Pursuant to Vehicle Code section 3052, subdivision (c), Ralph's appealed the department's decision to the board. Ralph's accompanied the appeal with evidence indicating that it had made application for preparation of the administrative record of the department and had advanced the necessary costs.

At the hearing before the board no additional evidence or testimony was taken. The board based its findings entirely upon the record supplied and paid for by Ralph's, and rendered a decision against Ralph's.

Primarily urging irregularities reflected in the transcript of the original hearing before the Department of Motor Vehicles, Ralph's petitioned the Superior Court of Los Angeles County for a writ of mandamus. The writ was granted, and the trial court allowed recovery of the costs incurred in petitioning for the writ, including the costs of preparing the transcript.

At the outset it seems clear that before appealing to the superior court, Ralph's was first required to appeal the department's adverse decision to the board. ▮▮▮ It is a well-recognized rule that if an administrative remedy is provided by statute, relief must be sought from the administrative body and such remedy exhausted before relief can be had under section 1094.5, subdivision (a), of the Code of Civil Procedure. (*Eye Dog Foundation* v. *State Board of Guide Dogs For The Blind*, 67 Cal.2d 536, 543 [63 Cal.Rptr. 21, 432 P.2d 717]; *Flores* v. *Los Angeles Turf Club*, 55 Cal.2d 736, 746-747 [13 Cal.Rptr. 201, 361 P.2d 921]; *Temescal Water Co.* v. *Dept. Public Works*, 44 Cal.2d 90, 106 [280 P.2d 1]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Muir* v. *Steinberg*, 197 Cal.App.2d 264, 269 [17 Cal.Rptr. 431]; *Vogulkin* v. *State Board of Education*, 194 Cal.App.2d 424, 434 [15 Cal.Rptr. 335]; *Pete* v. *State Board of Education*, 144 Cal.App.2d 38, 41 [300 P.2d 147].) The administrative remedy in the case at bar was an appeal to the board pursuant to Vehicle Code section 3052 et seq.

Section 3052, subdivision (c), reads in part: "The appeal shall be accompanied by evidence that the appellant [Ralph's] has made application for the administrative record of the department and advanced the cost of preparation thereof. . . ." Clearly Ralph's was to provide a complete copy of the administrative record before it could proceed with any further appeal. Thus, the costs advanced to prepare the record were not voluntarily incurred but were undertaken in order to exhaust administrative remedies.

Judicial review of administrative decisions is provided for by section 11523 of the Government Code. That section requires petitioner to furnish the court with a record of the administrative proceedings including the transcript and exhibits at petitioner's expense. It reads as follows: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. . . . The complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency and shall be delivered to petitioner, within 30 days after a request therefor by him, upon the payment of the fee specified in Section 69950 of the Government Code . . . for the transcript, the cost of preparation of other portions of the record and for certification thereof. The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decision by a hearing officer, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case. . . ."

Because Ralph's was required under Vehicle Code section 3052, subdivision (c), to obtain the administrative record in order to appeal to the board in exhausting its administrative remedies, the "request" specified in section 11523 of the Government Code obviously was not made. The record which was required by the board for its purposes and for which costs were necessarily incurred and advanced at that intermediate stage included the transcript and exhibits which were presented to the superior court with the petition for the writ of mandamus.

No additional evidence or testimony was taken at the hearing before the board. The record in this case included the transcript of the administrative hearing which was provided both to the board and to the superior court at Ralph's expense.

Section 1094.5, subdivision (a), of the Code of Civil Procedure which concerns judicial review by the use of a writ of mandamus provides: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, . . . *If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs.*"

(Italics added.) On the basis of this last sentence the trial court ruled that costs allowed by section 1094.5 can be recovered by the prevailing party when they were incurred at an intermediate stage pursuant to the exhaustion of administrative remedies, and prior to filing the petition for the writ of mandate.

Several cases involving the preparation of the record immediately prior to petitioning for a writ of mandamus have held that under section 1094.5, subdivision (a), the prevailing party must be allowed to recover the costs of such preparation. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 315 [196 P.2d 20]; *Williams* v. *Santa Maria Joint Union High Sch. Dist.,* 252 Cal.App.2d 1010, 1013 [60 Cal.Rptr. 911]; *Sinclair* v. *Baker,* 219 Cal.App.2d 817, 824 [33 Cal.Rptr. 522].) *Moran,* the leading case on the interpretation of section 1094.5, subdivision (a), involved the suspension of the appellant from medical practice by the board. Moran petitioned the superior court for a writ of mandamus asking that the court review the proceedings before the board, and supplied the court with an authenticated copy of the board proceedings. ▮ We held that where the prevailing party has borne the expense of preparing the transcript of the board hearing he shall recover all costs incurred in its preparation.

We are satisfied that the same rule applies as to the allowable costs when the costs were incurred as here in the intermediate proceeding.

Since Code of Civil Procedure section 1094.5, subdivision (a), specifically authorizes expenses incurred in preparation of the record (including the transcript and exhibits) to be "taxable as costs," a reasonable interpretation of the statute allows recoupment of those costs incurred in preparation of a copy of the record for the mandamus proceedings. The section makes no exception for costs incurred prior to filing the petition for mandate. The section makes absolutely no reference to when the expense must be borne, and there seems to be no reason to penalize a successful petitioner merely because a transcript was prepared during a trial, or prepared in the course of the administrative process so long as the transcript was essential to review and its cost allowable under the language of the applicable statute.[1] It is not reasonable to deny Ralph's those costs it would have incurred had the record been prepared initially for the mandamus proceedings merely because the costs were incurred earlier in the litigation.

Insofar as *Turner* v. *East Side Canal & Irr. Co.* (1918) 177 Cal. 570 [171 P. 299], and *Regents of University of California* v. *Morris* (1970)

---

[1] Allowing costs does not improperly encourage parties to appeal since, in any event, costs can only be recovered by the prevailing party.

12 Cal.App.3d 679 [90 Cal.Rptr. 816], are contrary to this conclusion they are disapproved.

It appears that the trial judge in allowing costs may have included some costs for copies of transcripts and exhibits which, although used in the administrative proceeding, were not part of the record in the mandamus proceeding. Section 1094.5 provides for recovery of costs of the record in the mandamus proceeding only; this would include the cost of any transcript or exhibits which are part of the record in that proceeding. It would not include additional copies which might have been required in the administrative proceeding. Accordingly, Ralph's is entitled to recover as costs the expense incurred in preparation of the original record filed in the superior court even though such expense was disbursed for preparation of that record for use during the administrative proceedings. Costs incurred for any additional copies of the record required in the administrative proceedings shall not be recovered.

That part of the judgment awarding costs is reversed, and the trial court is directed to fix costs in accordance with the views expressed herein. Each party shall bear its own costs on this appeal.